## UNITED STATES DISTRICT COURT

**DISTRICT OF MASSACHUSETTS**                    **WESTERN DIVISION**

| | |
|---|---|
| ESTATE OF JOSE R. FELICIANO,<br>By and through Jose L. Feliciano and<br>Migdalia Rosado, as Administrators of<br>The Estate of Jose R. Feliciano,<br>　　Plaintiff<br><br>v.<br><br>KEVIN A. MILES;<br>LEROY HOLDING COMPANY, INC.;<br>and SLC TRANSPORT, INC.,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

03 - 30308 - MAP

**COMPLAINT**

FILING FEE PAID:
RECEIPT # 305459
AMOUNT $ 150.00
BY DPTY CLK. MM-
DATE 12/19/03

### JURISDICTION

1.  Jurisdiction exists in the above-captioned matter pursuant to 28 U.S.C. §1332. Diversity of citizenship exists between the parties. The Plaintiff, Estate of Jose R. Feliciano, is an estate created and existing in the Commonwealth of Massachusetts, Defendant Kevin A. Miles is a citizen of the State of New York, Defendant SLC Transport, Inc. is a corporation having its principal place of business in the State of New York, and Defendant Leroy Holding Company, Inc. is a corporation having its principal place of business in the State of New York. The matter in controversy exceeds, exclusive of interests and costs, the $75,000.00 sum specified by 28 U.S.C. §1332.

### PARTIES

2.  The Plaintiff, The Estate of Jose R. Feliciano (hereinafter referred to as the "ESTATE"), is an estate established pursuant to the laws of the Commonwealth of Massachusetts, and was created following the death of Jose R. Feliciano on February 11, 2003. Jose L. Feliciano and Migdalia Rosado, the parents of the deceased Jose R. Feliciano, were appointed as

Administrators of the Estate of Jose R. Feliciano by the Hampden County Probate Court on May 20, 2003, and are the representatives of the Estate with respect to this action. Said Administrators currently reside in Springfield, Hampden County, Massachusetts. See Exhibit A.

3. Based upon information and belief, the Defendant, KEVIN A. MILES (hereinafter referred to as "MILES"), is a natural person currently residing at 311 Seminole Street, Troy, New York, and was at all times material hereto employed by Defendant SLC TRANSPORT, INC. and acting within the scope of his employment.

4. Based upon information and belief, at all times material hereto, the Defendant, SLC TRANSPORT, INC. (hereinafter referred to as "SLC"), is a corporation organized under the laws of the State of New York, with a usual place of business at 29 Mill Street, Albany, New York 12204, and was the owner or lessee of a 1997 Volvo tractor trailer, further identified by New York registration number 24413PA and vehicle identification number 4VGWDADF8VN741291 (hereinafter referred to as the "tractor"), and the owner or lessee of a 1998 trailer further identified by Maine registration number 0660250 and vehicle identification number 1GRAA9628SB015606 (hereinafter referred to as the "trailer").

5. Based upon information and belief, at all times material hereto, the Defendant, LEROY HOLDING COMPANY, INC. (hereinafter referred to as "LEROY"), is a corporation organized under the laws of the State of New York, with a usual place of business at 20 North Street, Albany, New York 12204, and was the owner and/or lessor of a 1997 Volvo tractor trailer, further identified by New York registration number 24413PA and vehicle identification number 4VGWDADF8VN741291 (hereinafter referred to as the "tractor"), and the owner and/or lessor of a 1998 trailer further identified by Maine registration number

0660250 and vehicle identification number 1GRAA9628SB015606 (hereinafter referred to as the "trailer").

## FACTS

6. On or about the morning of February 11, 2003, 19 year-old Jose R. Feliciano, a specialist in the Army National Guard (hereinafter referred to as "FELICIANO"), was driving with his friend, Pablo Morales, to Fort Devens in Leominster, Massachusetts. The two were members of 110th Maintenance Company of the Army National Guard. Their unit had been activated for the coming war in Iraq, and they were headed to the army base to receive their deployment orders. Mr. FELICIANO picked up Mr. Morales from his house in Springfield, Massachusetts earlier that morning and headed eastbound on Interstate 90, also known as the Massachusetts Turnpike, on route to Fort Devens.

7. At approximately 11:00 a.m. on the morning of February 11, 2003, the 1986 Ford Crown Victoria LTD (hereinafter referred to as the "Ford") that FELICIANO was driving to Fort Devens suddenly got a flat tire. In response, FELICIANO pulled the vehicle into the breakdown lane for eastbound traffic on Interstate 90, approximately 1000 feet east of the New Boston Road overpass in Sturbridge, Massachusetts.

8. At approximately 11:10 a.m., MILES was operating a tractor trailer owned by SLC or leased by SLC from LEROY, and driving eastbound on Interstate 90 in Sturbridge, Massachusetts.

9. As MILES approached FELICIANO and his disabled Ford, MILES saw FELICIANO standing outside the vehicle and knew that Mr. Feliciano was changing a tire.

10. At the time MILES saw FELICIANO, MILES was operating the tractor trailer at sixty-five miles per hour.

11. After seeing FELICIANO, MILES continued to drive in the right travel lane of Interstate 90.

12. As the tractor trailer drove passed FELICIANO, MILES caused the tractor trailer to strike the person of FELICIANO.

13. As a result of causing the impact of the tractor trailer on FELICIANO, MILES caused the death of FELICIANO.

**COUNT ONE**
**Estate of Jose R. Feliciano v. Kevin Miles**
**M.G.L.c. 229, §2 – Wrongful Death Caused by Negligence**

14. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 13 above as paragraphs 1 through 13 of this COUNT ONE.

15. This COUNT ONE is for wrongful death brought by the Administrators of the Estate of Jose R. Feliciano for the use of next of kin of said Estate.

16. MILES owed a duty to FELICIANO to operate the tractor trailer in a reasonable and safe manner.

17. MILES breached his duty to FELICIANO to operate the tractor trailer in a reasonable and safe manner by:

    a. Failing to slow down for a pedestrian in violation of M.G.L.c. 90, §14;

    b. Failing to operate the tractor trailer at a reasonable and proper speed, having regard to traffic and the use of Interstate 90, and the safety of the public including FELICIANO, all in violation of M.G.L.c. 90, §17;

    c. Failing to decrease the speed of the tractor trailer where a special hazard existed with respect to FELICIANO changing his tire and traffic conditions on Interstate 90, all in violation of M.G.L.c. 90, §17;

d.  Failing to operate the tractor trailer within the marked lanes on Interstate 90 by causing the tractor trailer to cross from the right travel lane into the break-down lane on Interstate 90, in violation of 720 C.M.R. §9:06(1) and 720 C.M.R. §9:06(28);

e.  Failing to sound the horn of the tractor trailer to warn FELICIANO of the presence of the tractor trailer as he approached FELICIANO, thereby failing to warn FELICIANO of any danger and failing to insure the safe operation of the tractor trailer, all in violation of 720 C.M.R. §9:06(15);

f.  Failing to exercise due care to avoid the tractor trailer from colliding with a pedestrian, FELICIANO, in violation of 720 C.M.R. §9:06(28);

g.  Failing to stop the tractor trailer to avoid colliding with FELICIANO where MILES had sufficient time and distance to do so;

h.  Failing to swerve to avoid a collision with FELICIANO where MILES had sufficient time and distance to do so;

i.  Failing to keep a proper lookout to take action to avoid colliding with FELICIANO;

j.  Failing to slow down the tractor trailer to negotiate the hazard presented by FELICIANO's presence in the break-down lane on Interstate 90;

k.  Failing to use a horn to communicate the presence of the tractor trailer to prevent a collision with FELICIANO;

l.  Failing to keep a proper and reasonable space between the tractor trailer and the Ford which was parked in the break-down lane of Interstate 90;

m.  Failing to provide extra room and space to FELICIANO who MILES knew to be changing a tire;

n.  Failing to operate the tractor trailer at a reasonable and proper speed under the

circumstances;

o. Causing the tractor trailer to cross into the break-down lane on Interstate 90 and strike the person of FELICIANO;

p. Causing the tractor trailer to strike the person of FELICIANO;

q. Failing to take proper and reasonable action to avoid a collision with FELICIANO; and

r. Failing to operate the tractor trailer with proper and reasonable care and safety under the circumstances.

18. As a direct and proximate result of the negligence of MILES, MILES caused damages including, but not limited to, the following:

a. The death of FELICIANO;

b. Funeral and burial expenses of FELICIANO;

c. The loss of FELICIANO's life to Jose L. Feliciano and Migdalia Rosado, the parents and next of kin to FELICIANO, including but not limited to:

i. The loss of reasonably expected net income from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

ii. The loss of services from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

iii. The loss of assistance from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

iv. The loss of society of FELICIANO to Jose L. Feliciano and Migdalia Rosado;

v. The loss of companionship from FELICIANO to Jose L. Feliciano and

Migdalia Rosado;

vi. The loss of comfort from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

vii. The loss of guidance from FELICIANO to Jose L. Feliciano and Migdalia Rosado; and

viii. The loss of counsel and advice from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

WHEREFORE, the Plaintiff, The Estate of Jose R. Feliciano, hereby demands entry of a judgment in its favor against MILES and respectfully requests this Honorable Court to enter an order awarding the Plaintiff monetary compensation for wrongful death, funeral expenses, conscious pain and suffering and the fair monetary value of FELICIANO to Jose L. Feliciano and Migdalia Rosado, attorney's fees, costs, interest and any other compensation this Court deems fit and just under the circumstances.

**COUNT TWO**
**Estate of Jose R. Feliciano v. Kevin Miles**
**M.G.L.c. 229, §6:  Wrongful Death – Conscious Suffering**

19. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 18 above as paragraphs 1 through 18 of this COUNT TWO.

20. This COUNT TWO is for conscious pain and suffering pursuant to M.G.L.c. 229, §6 and is brought by the Administrators of the Estate of Jose R. Feliciano for the benefit of said Estate.

21. MILES owed a duty to FELICIANO to operate the tractor trailer in a reasonable and safe manner.

22. MILES breached his duty to FELICIANO to operate the tractor trailer in a reasonable and safe manner by:

    a. Failing to slow down for a pedestrian in violation of M.G.L.c. 90, §14;

    b. Failing to operate the tractor trailer at a reasonable and proper speed, having regard to traffic and the use of Interstate 90, and the safety of the public including FELICIANO, all in violation of M.G.L.c. 90, §17;

    c. Failing to decrease the speed of the tractor trailer where a special hazard existed with respect to FELICIANO changing his tire and traffic conditions on Interstate 90, all in violation of M.G.L.c. 90, §17;

    d. Failing to operate the tractor trailer within the marked lanes on Interstate 90 by causing the tractor trailer to cross from the right travel lane into the break-down lane on Interstate 90, in violation of 720 C.M.R. §9:06(1) and 720 C.M.R. §9:06(28);

    e. Failing to sound the horn of the tractor trailer to warn FELICIANO of the presence of the tractor trailer as he approached FELICIANO, thereby failing to warn FELICIANO of any danger and failing to insure the safe operation of the tractor trailer, all in violation of 720 C.M.R. §9:06(15);

    f. Failing to exercise due care to avoid the tractor trailer from colliding with a pedestrian, FELICIANO, in violation of 720 C.M.R. §9:06(28);

    g. Failing to stop the tractor trailer to avoid colliding with FELICIANO where MILES had sufficient time and distance to do so;

    h. Failing to swerve to avoid a collision with FELICIANO where MILES had sufficient time and distance to do so;

    i. Failing to keep a proper lookout to take action to avoid colliding with FELICIANO;

j. Failing to slow down the tractor trailer to negotiate the hazard presented by FELICIANO's presence in the break-down lane on Interstate 90;

k. Failing to use a horn to communicate the presence of the tractor trailer to prevent a collision with FELICIANO;

l. Failing to keep a proper and reasonable space between the tractor trailer and the Ford which was parked in the break-down lane of Interstate 90;

m. Failing to provide extra room and space to FELICIANO who MILES knew to be changing a tire;

n. Failing to operate the tractor trailer at a reasonable and proper speed under the circumstances;

o. Causing the tractor trailer to cross into the break-down lane on Interstate 90 and strike the person of FELICIANO;

p. Causing the tractor trailer to strike the person of FELICIANO;

q. Failing to take proper and reasonable action to avoid a collision with FELICIANO; and

r. Failing to operate the tractor trailer with proper and reasonable care and safety under the circumstances.

23. As a direct and proximate result of the negligence of MILES, MILES caused damages including, but not limited to, the following:

a. The death of FELICIANO;

b. Conscious pain and suffering of FELICIANO;

WHEREFORE, the Plaintiff, The Estate of Jose R. Feliciano, hereby demands entry of a judgment in its favor against MILES and respectfully requests this Honorable Court to enter an order

awarding the Plaintiff monetary compensation for conscious pain and suffering for the benefit of the Estate of Jose R. Feliciano, attorney's fees, costs interest and any other relief this Court deems fit and just under the circumstances.

**COUNT THREE**
**Estate of Jose R. Feliciano v. Kevin Miles**
**M.G.L.c. 229, §2(2) and §2(5)(3):  Wrongful Death – Punitive Damages**

24. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 23 above as paragraphs 1 through 23 of this COUNT THREE.

25. This COUNT THREE is for punitive damages pursuant to M.G.L.c. 229, §2(5)(3) brought by the Administrators of the Estate of Jose R. Feliciano for the use of next of kin of said Estate and for the benefit of the Estate of Jose R. Feliciano.

26. FELICIANO's death was caused by MILES' gross negligence in that MILES manifested a smaller amount of watchfulness and circumspection than the circumstances required of a person of ordinary prudence by:

   a.  Failing to watch and observe FELICIANO as he drove towards FELICIANO;

   b.  Failing to slow down as he approached FELICIANO despite knowing that FELICIANO was changing a tire in the breakdown lane;

   c.  Failing to observe the position of FELICIANO as he began to pass FELICIANO;

   d.  Failing to take any action to avoid a collision with FELICIANO;

   e.  Failing to take any action in response to observing FELICIANO changing a tire; and

   f.  By manifesting a smaller amount of watchfulness and circumspection than required under the circumstances.

WHEREFORE, the Plaintiff, The Estate of Jose R. Feliciano, hereby demands entry of a judgment

in its favor against MILES and respectfully requests this Honorable Court to enter an order awarding the Plaintiff monetary compensation in accordance with the provisions of Massachusetts General Laws Chapter 229, Section 2(5)(3) in amount not less than five-thousand dollars and as this Court otherwise deems just, attorney's fees, costs and interest.

## COUNT FOUR
### Estate of Jose R. Feliciano v. SLC Transport, Inc.
### Liability Pursuant to M.G.L.c. 229, §2; M.G.L.c. 231, §85A; and Respondeat Superior

27. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 26 above as paragraphs 1 through 26 of this COUNT FOUR.

28. This COUNT FOUR is for wrongful death brought by the Administrators of the Estate of Jose R. Feliciano for the use of next of kin of said Estate.

29. SLC Transport, Inc. ("SLC") is legally responsible for the negligent acts of the operator of its vehicle in accordance with the provisions of Massachusetts General Laws Chapter 231, Sections 85A and Massachusetts General Laws Chapter 229, Section 2.

30. SLC is legally responsible for the negligent acts of MILES in his capacity as an agent, servant and/or employee of SLC on February 11, 2003.

31. On February 11, 2003, SLC was the registered owner of the tractor trailer involved in the collision with FELICIANO.

32. On February 11, 2003, and at all times material hereto, MILES was the agent, servant and/or employee of SLC.

33. As a direct and proximate result of the negligence of MILES, for which SLC is legally responsible for, MILES caused damages including, but not limited to, the following:

    a.  The death of FELICIANO;

b. Funeral and burial expenses of FELICIANO;

c. The loss of FELICIANO's life to Jose L. Feliciano and Migdalia Rosado, the parents and next of kin to FELICIANO, including but not limited to:

    i. The loss of reasonably expected net income from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

    ii. The loss of services from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

    iii. The loss of assistance from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

    iv. The loss of society of FELICIANO to Jose L. Feliciano and Migdalia Rosado;

    v. The loss of companionship from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

    vi. The loss of comfort from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

    vii. The loss of guidance from FELICIANO to Jose L. Feliciano and Migdalia Rosado; and

    viii. The loss of counsel and advice from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

WHEREFORE, the Plaintiff, The Estate of Jose R. Feliciano, hereby demands entry of a judgment in its favor against SLC and respectfully requests this Honorable Court to enter an order awarding the Plaintiff monetary compensation for wrongful death, funeral expenses, conscious pain and suffering and the fair monetary value of FELICIANO to Jose L. Feliciano and Migdalia Rosado,

attorney's fees, costs, interest and any other compensation this Court deems fit and just under the circumstances.

### COUNT FIVE
### Estate of Jose R. Feliciano v. SLC Transport, Inc.
### Liability For Conscious Suffering Pursuant to M.G.L.c. 229, §2, §6; M.G.L.c. 231, §85A; and Respondeat Superior

34. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 33 above as paragraphs 1 through 33 of this COUNT FIVE.

35. This COUNT FIVE is for conscious pain and suffering pursuant to M.G.L.c. 229, §6 and is brought by the Administrators of the Estate of Jose R. Feliciano for the benefit of said Estate.

36. SLC Transport, Inc. ("SLC") is legally responsible for the negligent acts of the operator of its vehicle in accordance with the provisions of Massachusetts General Laws Chapter 231, Sections 85A and Massachusetts General Laws Chapter 229, Section 2.

37. SLC is legally responsible for the negligent acts of MILES in his capacity as an agent, servant and/or employee of SLC on February 11, 2003.

38. On February 11, 2003, SLC was the registered owner of the tractor trailer involved in the collision with FELICIANO.

39. On February 11, 2003, and at all times material hereto, MILES was the agent, servant and/or employee of SLC.

40. As a direct and proximate result of the negligence of MILES, for which SLC is liable for, MILES caused damages including, but not limited to, the following:

    a. The death of FELICIANO;

    b. Conscious pain and suffering of FELICIANO;

WHEREFORE, the Plaintiff, The Estate of Jose R. Feliciano, hereby demands entry of a judgment in its favor against SLC and respectfully requests this Honorable Court to enter an order awarding the Plaintiff monetary compensation for conscious pain and suffering for the benefit of the Estate of Jose R. Feliciano, attorney's fees, costs interest and any other relief this Court deems fit and just under the circumstances.

**COUNT SIX**
**Estate of Jose R. Feliciano v. SLC Transport, Inc.**
**M.G.L.c. 229, §2(2) and §2(5)(3):  Wrongful Death – Punitive Damages**

41. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 40 above as paragraphs 1 through 40 of this COUNT SIX.

42. This COUNT SIX is for punitive damages pursuant to M.G.L.c. 229, §2(5)(3) brought by the Administrators of the Estate of Jose R. Feliciano for the use of next of kin of said Estate and for the benefit of the Estate of Jose R. Feliciano.

43. SLC Transport, Inc. ("SLC") is legally responsible for the gross negligence of the operator of its vehicle in accordance with the provisions of Massachusetts General Laws Chapter 231, Sections 85A and Massachusetts General Laws Chapter 229, Section 2.

44. SLC is legally responsible for the gross negligence of MILES in his capacity as an agent, servant and/or employee of SLC on February 11, 2003.

45. On February 11, 2003, SLC was the registered owner of the tractor trailer involved in the collision with FELICIANO.

46. On February 11, 2003, and at all times material hereto, MILES was the agent, servant and/or employee of SLC.

47. FELICIANO's death was caused by MILES' gross negligence in that MILES manifested a

smaller amount of watchfulness and circumspection than the circumstances required of a person of ordinary prudence by:

    a. Failing to watch and observe FELICIANO as he drove towards FELICIANO;

    b. Failing to slow down as he approached FELICIANO despite knowing that FELICIANO was changing a tire in the breakdown lane;

    c. Failing to observe the position of FELICIANO as he began to pass FELICIANO;

    d. Failing to take any action to avoid a collision with FELICIANO;

    e. Failing to take any action in response to observing FELICIANO changing a tire; and

    f. By manifesting a smaller amount of watchfulness and circumspection than required under the circumstances.

WHEREFORE, the Plaintiff, The Estate of Jose R. Feliciano, hereby demands entry of a judgment in its favor against SLC and respectfully requests this Honorable Court to enter an order awarding the Plaintiff monetary compensation in accordance with the provisions of Massachusetts General Laws Chapter 229, Section 2(5)(3) in amount not less than five-thousand dollars and as this Court otherwise deems just, attorney's fees, costs and interest.

## COUNT SEVEN
### Estate of Jose R. Feliciano v. Leroy Holding Company, Inc.
### Liability Pursuant to M.G.L.c. 229, §2; M.G.L.c. 231, §85A; and Respondeat Superior

48. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 47 above as paragraphs 1 through 47 of this COUNT SEVEN.

49. This COUNT SEVEN is for wrongful death brought by the Administrators of the Estate of Jose R. Feliciano for the use of next of kin of said Estate.

50. Leroy Holding Company, Inc. ("LEROY") is legally responsible for the negligent acts of the

operator of its vehicle in accordance with the provisions of Massachusetts General Laws Chapter 231, Sections 85A and Massachusetts General Laws Chapter 229, Section 2.

51. LEROY is legally responsible for the negligent acts of MILES in his capacity as an agent, servant and/or employee of LEROY on February 11, 2003.

52. On February 11, 2003, LEROY was the registered owner of the tractor trailer involved in the collision with FELICIANO.

53. On February 11, 2003, and at all times material hereto, MILES was the agent, servant and/or employee of LEROY.

54. As a direct and proximate result of the negligence of MILES, for which LEROY is legally responsible for, MILES caused damages including, but not limited to, the following:

   a. The death of FELICIANO;

   b. Funeral and burial expenses of FELICIANO;

   c. The loss of FELICIANO's life to Jose L. Feliciano and Migdalia Rosado, the parents and next of kin to FELICIANO, including but not limited to:

      i. The loss of reasonably expected net income from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

      ii. The loss of services from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

      iii. The loss of assistance from FELICIANO to Jose L. Feliciano and Migdalia Rosado;

      iv. The loss of society of FELICIANO to Jose L. Feliciano and Migdalia Rosado;

      v. The loss of companionship from FELICIANO to Jose L. Feliciano and

Migdalia Rosado;

vi.  The loss of comfort from FELICIANO to Jose L. Feliciano and Migdalia
     Rosado;

vii. The loss of guidance from FELICIANO to Jose L. Feliciano and Migdalia
     Rosado; and

viii. The loss of counsel and advice from FELICIANO to Jose L. Feliciano and
     Migdalia Rosado;

WHEREFORE, the Plaintiff, The Estate of Jose R. Feliciano, hereby demands entry of a judgment
in its favor against LEROY and respectfully requests this Honorable Court to enter an order
awarding the Plaintiff monetary compensation for wrongful death, funeral expenses, conscious pain
and suffering and the fair monetary value of FELICIANO to Jose L. Feliciano and Migdalia
Rosado, attorney's fees, costs, interest and any other compensation this Court deems fit and just
under the circumstances.

## COUNT EIGHT
### Estate of Jose R. Feliciano v. Leroy Holding Company, Inc.
### Liability For Conscious Suffering Pursuant to M.G.L.c. 229, §2, §6; M.G.L.c. 231, §85A; and Respondeat Superior

55. The Plaintiff repeats, realleges and incorporates herein by reference the allegations
    contained in paragraphs 1 through 54 above as paragraphs 1 through 54 of this COUNT
    EIGHT.

56. This COUNT EIGHT is for conscious pain and suffering pursuant to M.G.L.c. 229, §6 and
    is brought by the Administrators of the Estate of Jose R. Feliciano for the benefit of said
    Estate.

57. Leroy Holding Company, Inc. ("LEROY") is legally responsible for the negligent acts of the
    operator of its vehicle in accordance with the provisions of Massachusetts General Laws

Chapter 231, Sections 85A and Massachusetts General Laws Chapter 229, Section 2.

58. LEROY is legally responsible for the negligent acts of MILES in his capacity as an agent, servant and/or employee of LEROY on February 11, 2003.

59. On February 11, 2003, LEROY was the registered owner of the tractor trailer involved in the collision with FELICIANO.

60. On February 11, 2003, and at all times material hereto, MILES was the agent, servant and/or employee of LEROY.

61. As a direct and proximate result of the negligence of MILES, for which LEROY is liable for, MILES caused damages including, but not limited to, the following:

  a.   The death of FELICIANO;

  b.   Conscious pain and suffering of FELICIANO;

WHEREFORE, the Plaintiff, The Estate of Jose R. Feliciano, hereby demands entry of a judgment in its favor against LEROY and respectfully requests this Honorable Court to enter an order awarding the Plaintiff monetary compensation for conscious pain and suffering for the benefit of the Estate of Jose R. Feliciano, attorney's fees, costs, interest and any other compensation this Court deems fit and just under the circumstances.

**COUNT NINE**
**Estate of Jose R. Feliciano v. Leroy Holding Company, Inc.**
**M.G.L.c. 229, §2(2) and §2(5)(3): Wrongful Death – Punitive Damages**

62. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 61 above as paragraphs 1 through 61 of this COUNT NINE.

63. This COUNT NINE is for punitive damages pursuant to M.G.L.c. 229, §2(5)(3) brought by the Administrators of the Estate of Jose R. Feliciano for the use of next of kin of said Estate

and for the benefit of the Estate of Jose R. Feliciano.

64. Leroy Holding Company, Inc. ("LEROY") is legally responsible for the gross negligence of the operator of its vehicle in accordance with the provisions of Massachusetts General Laws Chapter 231, Sections 85A and Massachusetts General Laws Chapter 229, Section 2.

65. LEROY is legally responsible for the gross negligence of MILES in his capacity as an agent, servant and/or employee of LEROY on February 11, 2003.

66. On February 11, 2003, LEROY was the registered owner of the tractor trailer involved in the collision with FELICIANO.

67. On February 11, 2003, and at all times material hereto, MILES was the agent, servant and/or employee of LEROY.

68. FELICIANO's death was caused by MILES' gross negligence in that MILES manifested a smaller amount of watchfulness and circumspection than the circumstances required of a person of ordinary prudence by:

    a. Failing to watch and observe FELICIANO as he drove towards FELICIANO;

    b. Failing to slow down as he approached FELICIANO despite knowing that FELICIANO was changing a tire in the breakdown lane;

    c. Failing to observe the position of FELICIANO as he began to pass FELICIANO;

    d. Failing to take any action to avoid a collision with FELICIANO;

    e. Failing to take any action in response to observing FELICIANO changing a tire; and

    f. By manifesting a smaller amount of watchfulness and circumspection than required under the circumstances.

WHEREFORE, the Plaintiff, The Estate of Jose R. Feliciano, hereby demands entry of a judgment in its favor against LEROY and respectfully requests this Honorable Court to enter an order

awarding the Plaintiff monetary compensation in accordance with the provisions of Massachusetts

General Laws Chapter 229, Section 2(5)(3) in amount not less than five-thousand dollars and as this

Court otherwise deems just, attorney's fees, costs and interest.

## DEMAND FOR JURY TRIAL

The Plaintiff, Estate of Jose R. Feliciano, pursuant to Federal Rule of Civil Procedure 38, hereby

demands a trial by jury on all issues so triable in this Court.

> The Plaintiff
> **ESTATE OF JOSE R. FELICIANO**
> By Its attorneys
>
> Samuel M. Radner, Esquire
> **The Haymond Law Firm, P.C.**
> 999 Asylum Avenue
> Hartford, CT 06105
> (860) 728-5672
> BBO# 565988

Dated: 12/17/03

# EXHIBIT A

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

# 03P-0556

HAMDEN ___ Division

Docket No. _____

## Administration With/Without Sureties

Name of Decedent __Jose R. Feliciano_____

Domicile at Death __25 Decker Place, Springfield, MA   01104_____
(Street and No.)          (City or Town)          (County)          (Zip)

Date of Death __February 11, 2003_____

Name and address of Petitioner(s) __Jose L. Feliciano, 25 Decker Place , Sprinfield,MA__
__Migdalia Rosado, 25 Decker Place, Springfield, MA 01104__

Status __Administrators_____

### Heirs at law or next of kin of deceased including surviving spouse:
(minors and incompetents must be so designated)

| Name | Residence | Relationship |
|------|-----------|--------------|
| Jose L. Feliciano | 25 Decker Place., Springfield, MA | FATHER |
| Migdalia Rosado | 25 Decker Place., Springfield, MA | MOTHER |
| Melissa Feliciano | 25 Decker Place., Springfield, MA | SISTER |

[X] The petitioner(s) hereby certif_y___ that a copy of this document, along with a copy of the decedent's death certificate has been sent by certified mail to the **Division of Medical Assistance, P.O. Box 86, Essex Station, Boston, Massachusetts 02112.**

Petitioner(s) pray(s) that he/she/they or some other suitable person of __25 Decker Place_____ in the County of __Hamden_____ be appointed administrat_ors_ of said estate with/without surety on his/her/their bond(s) and certif_y_____ under the penalties of perjury that the foregoing statements are true to the best of his/her/their knowledge and belief.

Date __3,14,03_____

Signature(s) _Jose J. Feliciano_
_Migdalia Rosario_

The undersigned hereby assent to the foregoing petition.

_Melissa Feliciano_
_Migdalia Rosario_
_Jose J. Feliciano_

### DECREE

All persons interested having been notified in accordance with the law and having assented and no objections being made thereto, it is decreed that __Jose L. Feliciano and Migdalia Rosado, both__ of __Springfield_____ in the County of __Hampden_____ be appointed administrat_ors__ of said estate first giving bond with __out___ sureties for the due performance of said trust.

Date __May 20, 2003_____

_signature_
JUSTICE OF THE PROBATE AND FAMILY COURT
FULLER, J.

CJ-P1 (4/99)