UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS            WESTERN DIVISION

ESTATE. OF JOSE R. FELICIANO,        )
By and through Jose L. Feliciano and )
Migdalia Rosado, as Administrators of )
The Estate of Jose R Feliciano,       )
                     Plaintiff )
vs.                                   )   Civil No. 03-30.308-MAP
                                      )
KEVIN A. MILES,                       )
LEROY HOLDING COMPANY, INC.,          )
and SLC TRANSPORTS, INC.,             )
                    Defendants )

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF LIFE INSURANCE PROCEEDS

NOW COMES the Plaintiff, the Estate of Jose R. Feliciano, and requests this Honorable Court to preclude the introduction of evidence during the trial of the above-captioned action of life insurance proceeds paid to the decedent's parents.

In support of its Motion, the Plaintiff submits the following memorandum of law.

### Background

On February 11, 2003, Jose R. Feliciano (hereinafter referred to as the "decedent") was struck and killed on Intestate 90 by a tractor trailer truck (hereinafter referred to as the "truck") operated by Kevin A. Miles (hereinafter referred to as "Miles") while Miles was in the course of his employment for Defendant SLC Transports, Inc. The tractor trailer truck was owned by Defendant Leroy Holding Company, Inc.

The administrators of the decedent's estate are Migdalia Rosado and Jose L. Feliciano, the parents of the decedent. At time of the decedent's death, he was a member of the Army National Guard. During the depositions of the decedent's parents, testimony was elicited

indicating that the decedent carried a life insurance policy in the amount of $250,000.00 through the military. Testimony was further elicited stating that the full $250,000.00 benefit was paid following the decedent's death to his parents.

## Legal Analysis

The Commonwealth of Massachusetts' collateral source rule states that compensation received from a third party unrelated to a tortfeasor-defendant (the collateral source) will not diminish an injured party's recovery from that tortfeasor. See Fitzgerald v. Expressway Sewerage Const., Inc., 177 F.3d 71, 73 (1st Cir.1999); Jones v. Wayland, 374 Mass. 249, 262, 373 N.E.2d 199, 207 (1978); Goldstein v. Gontarz, 364 Mass. 800, 809, 309 N.E.2d 196, 203 (1974). Implementation of the rule customarily bars the introduction of proof of collateral source payments made to a plaintiff. See Corsetti v. Stone Co., 396 Mass. 1, 16-17, 483 N.E.2d 793, 802 (1985) ("Ordinarily, a defendant may not show that the plaintiff has received other compensation for his injury, whether from an accident insurance policy ... or from other sources." (citations and internal quotation marks omitted)). An exception takes hold, however, if evidence of payment from a collateral source is relevant to some other material issue in the case. See id. at 17, 483 N.E.2d at 802.

The issue is whether, in the circumstances at bar, evidence of a collateral source payment tend to make the existence of some other fact "of consequence to the determination of the action more or less probable than it would be without the evidence." Fed.R.Evid. 401.

The Plaintiff does not claim loss of income to the beneficiaries of the estate as a result of the decedent's death. The beneficiaries are the parents, and there is no evidence of lost income to the parents as a result of the decedent's death. The claims presented by the estate are for non-

economic losses to the estate's beneficiaries. Therefore, evidence of a collateral source payment of life insurance is not relevant to any issue being presented in the case.

WHEREFORE, the Plaintiff hereby requests this Honorable Court to preclude the presentation of any evidence that the decedent's parents have received the benefits of life insurance proceeds as a result of the decedent's death.

> Respectfully submitted,
> By the Plaintiff,
> **The Estate of Jose R. Feliciano**
>
> _____
> Samuel M. Radner, Esq.
> The Haymond Law Firm, P.C.
> 999 Asylum Avenue
> Hartford, CT 06105
> (860) 728-5672
> BBO # 565988
> Plaintiffs Attorneys

Dated: 4/13/05

## CERTIFICATION

I, Samuel M. Radner, Esquire hereby certify that a copy of the foregoing was HAND DELIVERED to the following counsel and pro se parties of record on April 13, 2005:

Kevin G. Murphy, Esquire
Pessalano, Dusel, Murphy & Casartello, P.C.
115 State Street, 5th Floor
Springfield, MA 01103

_____
Samuel M. Radner, Esquire