UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS                WESTERN DIVISION

ESTATE OF JOSE R. FELICIANO,           )
By and through Jose L. Feliciano and    )
Migdalia Rosado, as Administrators of   )
The Estate of Jose R Feliciano,         )
                              Plaintiff    )
vs.                                     )     Civil No. 03-30.308-MAP
                                     )
KEVIN A. MILES,                         )
LEROY HOLDING COMPANY, INC.,            )
and SLC TRANSPORTS, INC.,               )
                             Defendants  )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING MEDICAL EXAMINER'S POST MORTEM EXAMINATION

The Plaintiffs hereby oppose the Defendants' Motion in Limine seeking to preclude entry into evidence of the Post-Mortem Examination Report of Jennifer Lipman, M.D. In response the Plaintiffs state the following:

Federal Rule of Evidence 803 lists exceptions to the hearsay rule. The exceptions apply whether the declarant is available or not. With respect to this rule, FRE 803(6) states that documents kept in the ordinary course of business, including documents containing opinions, conditions, and diagnoses, and including professions, institutions and occupations of every kind, are admissible.[1] Federal courts have held that an autopsy report is admissible pursuant to this exception. See Baulch v. Johns, C.A.5 (Tex.) 1995, 70 F.3d 813.

In the case at bar, the medical examiner's report falls within the business records exception to the hearsay rule and is admissible.

---

[1] FRE 803(6) states "Records of Regularly Conducted Activity.--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

Moreover, contrary to the defendants' assertion, the medical examiner's report is a public record and the public records exception to the hearsay allows the report to be admitted. FRE 803(8)(C) states that public records are admissible where "in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

An autopsy report and daily records prepared by a coroner's office were determined to be trustworthy and therefore admissible under Rule 803(8)(C) of the Federal Rules of Evidence by the court in Carias-Reyes v. Lee, 1996 WL 180259 (E.D. La. 1996). In that case, the court notes that the absence of any specific allegations in support of the plaintiffs' theory that the autopsy report or the coroner's office records were unreliable, the court pointed out that the coroner's investigation was timely, and the reports and records were prepared in accordance with the duties of that office. Furthermore, the court said, the coroner's office was not a party to the litigation, and although the coroner's office invited the victim's family to send a representative to witness the autopsy in cases involving shootings by sheriff's deputies in accordance with policy, no representative of the victim's family attended the autopsy.

In the case at bar, the Medical Examiner's report was made pursuant to its authority granted by law, represents factual findings resulting from an investigation made pursuant to its lawful authority, and no basis for any allegation exists to state that it is unreliable.

Moreover, a copy of the Dr. Lipman's report is admissible pursuant to Federal Rule of Evidence 1003 unless a genuine question is raised as to the authenticity of the original or in the circumstances it would be unfair to admit the duplicate in lieu of the original.

WHEREFORE, the plaintiffs hereby request this Honorable Court to deny the defendants' Motion in Limine Regarding the Medical Examiner's Post-Mortem Examination Report.

Respectfully submitted,
By the Plaintiff,
**The Estate of Jose R. Feliciano**

Samuel M. Radner, Esq.
The Haymond Law Firm, P.C.
999 Asylum Avenue
Hartford, CT 06105
(860) 728-5672
BBO # 565988
Plaintiffs Attorneys

Dated: 4/25/05

## **CERTIFICATION**

I, Samuel M. Radner, Esquire hereby certify that a copy of the foregoing was mailed postage pre-paid to the following counsel and pro se parties of record on April 25, 2005:

Kevin G. Murphy, Esquire
Pessalano, Dusel, Murphy & Casartello, P.C.
115 State Street, 5th Floor
Springfield, MA 01103

_____
Samuel M. Radner, Esquire