# UNITED STATES DISTRICT COURT

**DISTRICT OF MASSACHUSETTS**                    **WESTERN DIVISION**

ESTATE OF JOSE R. FELICIANO,            )
By and through Jose L. Feliciano and    )
Migdalia Rosado, as Administrators of   )
The Estate of Jose R Feliciano,         )
                              **Plaintiff** )
vs.                                     )
                                        )            Civil No. 03-30.308-MAP
                                        )
KEVIN A. MILES,                         )
LEROY HOLDING COMPANY, INC.,            )
and SLC TRANSPORTS, INC.,               )
                              **Defendants** )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING PHOTOGRAPHS NUMBERED 68 THROUGH 87

The Plaintiffs hereby oppose the Defendants' Motion in Limine seeking to preclude entry into evidence photographs numbered 68 through 87. In response the Plaintiffs state the following:

The defendants' motion references photographs; however, the plaintiffs do not intend to introduce photographs of proposed exhibits in numbers 68 through 87. Instead, original documents will be introduced. Exhibits 68 through 82 include certificates of achievement from the decedent's high school which pertain to his academic achievement and his athletic achievement. Exhibits 83 through 87 include letters from corporations where the decedent received honors outside of school.

The documents are admissible pursuant to FRE 803(6) as the certificates and letters are produced in the regular course of business for the schools and for the corporations running the awards programs. The certificates are signed by school representatives with seals. The letters were written by the administrators of the various award programs at MassMutual and the police department. If these documents are not stipulated to by the defendants, then the various record keepers in charge of issuing these documents will be called in to testify at trial.

The second issue raised by the defendants motion, and the issue of apparent more importance in challenging he admissibility of these exhibits, relates to the apparent duplicity of the documents because the decedent's report card, which is an agreed upon exhibit, shows his grades through high school. However, the report card does not indicate during which grading periods the decedent made honors and the certificates do. The report card makes no references to the decedent's participation in high school football and wrestling, and the certificates verify this fact. Moreover, each certificate received by the decedent is a source of pride for the decedent's parents, and has direct bearing on the nature and extent of their consortium claims.

At this time no objection has been raised as to the authenticity of the documents; however, should the defendants challenge the authenticity of the documents, the decedent's parents will authenticate these documents pursuant to FRE 901.

WHEREFORE, the plaintiffs hereby request this Honorable Court to deny the defendants' Motion in Limine Regarding Photographs Numbered 51 through 63.

> Respectfully submitted,
> By the Plaintiff,
> **The Estate of Jose R. Feliciano**
>
> Samuel M. Radner, Esq.
> The Haymond Law Firm, P.C.
> 999 Asylum Avenue
> Hartford, CT 06105
> (860) 728-5672
> BBO # 565988
> Plaintiffs Attorneys

Dated: 4/25/05

## **CERTIFICATION**

I, Samuel M. Radner, Esquire hereby certify that a copy of the foregoing was mailed postage pre-paid to the following counsel and pro se parties of record on April 25, 2005:

Kevin G. Murphy, Esquire
Pessalano, Dusel, Murphy & Casartello, P.C.
115 State Street, 5th Floor
Springfield, MA 01103

> Samuel M. Radner, Esquire