UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS          WESTERN DIVISION

ESTATE OF JOSE R. FELICIANO,
By and through Jose L. Feliciano and
Migdalia Rosado, as Administrators of
The Estate of Jose R. Feliciano,
                              Plaintiff

Vs.                                              Civil No. 03-30.308MAP

KEVIN A. MILES, LEROY HOLDING
COMPANY, INC. and SLC TRANSPORTS, INC.
                              Defendants

## DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION IN LIMINE WITH RESPECT TO THE SCOPE OF DEFENDANTS' EXPERT TESTIMONY

*Introduction*

This diversity action seeks damages for a fatal motor vehicle-pedestrian accident which took place on Route 90, the Massachusetts Turnpike. See the Complaint. The decedent had been working on a flat tire that had disabled his vehicle. The decedent's vehicle was parked in the breakdown lane of the highway. At some point the decedent stepped away from his repair work and was struck by the defendants' truck. Eyewitnesses to the accident did not see the defendant swerve into the break down lane. Thus, an important factual issue arises regarding the point of impact. Precisely where did the contact between the defendants' vehicle and the decedent take place? Did the impact occur in the breakdown lane or in the travel lane? The plaintiffs have retained an expert who will offer testimony that the accident took place within the breakdown lane. This

witness will base his opinions on various computer simulations; he has not physically visited the accident site or interviewed the several witnesses thereto.

Conversely, the state trooper that actually investigated the accident (Trooper Jakubowski) has been listed as an expert by the defendants. Trooper Jakubowski will testify that the accident did not take place in the breakdown lane but occurred in the travel lane. Further, the trooper opines that the cause of the accident was the decedent entering the travel lane. The trooper will not offer any opinion about negligence. See Exhibit A attached to the plaintiff's motion. The plaintiff had the opportunity to depose Trooper Jakubowski and now moves to exclude his testimony from trial pursuant to Federal Rule of Evidence 702. The defendants oppose the motion.

*Legal Argument*

Rule 702 provides that whenever "scientific, technical, or other specialized knowledge will assist the trier of fact" a witness qualified as an expert by either "**knowledge, skill, experience, training or education**" may testify thereto. Rule 702, emphasis supplied. The plaintiff's motion claims that the proposed testimony in this case would not be admissible pursuant to Rule 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Not so.

Firstly, a proponent of expert testimony need not convince the court that the opinion of its named expert is factually correct or even superior to the opinions of another party's expert. "*Daubert* neither requires nor empowers trial courts to determine which of several competing scientific theories has the best provenance." *Ruiz-Troche v. Pepsi Cola*, 161 F.3d 77, 85 (1st Cir. 1998). Instead, the trial court is merely obliged to

determine whether the proposed testimony would be helpful to the trier of fact and reliable. *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 595 (1993). In that regard the trial court retains considerable discretion.

Thus, in *United States v. Lopez-Lopez*, 282 F.3d 1 (1st Cir. 2002), the reviewing court noted that *Daubert* "simply requires that the trial judge...ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 14. "The test for reliability is flexible and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* at 14. As a result, the trial court's decision in *United States v. Lopez-Lopez* to admit testimony by an investigating officer "based on his experience" was proper and such testimony was "relevant and helpful." *Id.* at 14. The reviewing court noted that the trial court's ruling was consistent with *Daubert*, since the trial judge retains "considerable latitude in deciding whether expert testimony will be helpful to the jury." *Id.* at 14.

Moreover, Rule 702 provides that a witness may be qualified as an expert on any of the five separate grounds identified in the rule; knowledge, skill, experience, training or education. See, *Salem v. United States Lines Company*, 370 U.S. 31 (1962). Thus, it is not unusual for a witness to qualify as an expert due to his peculiar training, experience, knowledge, skill or education. See, *Hopkins v. Jordan Marine*, 271 F.3d 1 (1st Cir. 2001) (education and experience in maritime mishaps sustained opinion testimony thereto) and *Diefenbach v. Sheridan Transport*, 229 F. 3d 27 (1st Cir. 2000) (experience and special knowledge). Indeed, the rule under the substantive evidentiary law of Massachusetts is similar. See, *Cronin v. McCarthy*, 22 Mass. App. Ct. 448 (1986) (investigating officers

properly allowed to offer opinions regarding point of impact and locus given their years of experience in investigating accidents).

Here, Trooper Jakubowski (an officer with thirteen years of experience) serves with the Massachusetts State Police Accident Reconstruction Section. There are eighteen troopers in the Accident Reconstruction Section which is responsible for the entire Commonwealth. Exhibit A at page 65. Trooper Jakubowski has been trained in both advanced accident investigation and accident reconstruction. See Exhibit A, pages 1-22. Trooper Jakubowski has also received specific training regarding motor vehicle-pedestrian accidents. Exhibit A at pages 27-28. Trooper Jakubowski is specifically assigned to investigate "serious injury and fatal collisions." Exhibit A at page 62. Trooper Jakubowski has testified "probably up over a hundred times" in both civil and criminal cases. Exhibit A at pages 91-92. The trooper has previously "been qualified as an expert by a court in the field of accident reconstruction." Exhibit A at page 93. With regard to this accident, Trooper Jakubowski's duties required him to investigate the mishap and write a report thereto. Exhibit A at page 80-82.

In particular, Trooper Jakubowski has a specific recollection of investigating the accident that gives rise to this action. Exhibit A at page 99. Initially, the trooper went to the actual scene of the accident. Exhibit A, page 101. Trooper Jakubowski made liaison with the onsite troopers and examined the accident site. Measurements were taken. A drag factor was taken using specialized equipment. Trooper Jakubowski considered the eye witness statements of four witnesses. The vehicle was inspected and examined. Exhibit A, pages 101-109. In light of the foregoing, Trooper Jakubowski is "reasonably

sure, or more sure than not, that Mr. Feliciano was standing in the travel lane at the time he was struck by the truck." Exhibit A at pages 110 and 166.

In view of the foregoing, the trial court has ample grounds to admit the proposed testimony of Trooper Jakubowski. The testimony goes to a disputed factual question and is based upon experience, training, knowledge and personal observations. The plaintiff's claim that the testimony is somehow defective because it arose from a criminal investigation with a different standard of proof is unsound. Indeed, one treatise, Weinstein's Federal Evidence, notes that an expert "need not be totally convinced that [his] opinions are correct to be qualified to testify to those opinions." Similarly, the plaintiff's complaint that the trooper has no opinion about whether a party to this case was negligent is quite misplaced. That is an ultimate issue to be resolved by the jury in this case.

Finally, "the courts have taken a liberal approach to the admissibility of expert testimony." Weinstein at Section 702. Hence, "doubts about whether an expert's testimony would be useful should generally be resolved in favor of admissibility." *In re Japanese Electronic Products Antitrust Litigation*, 723 F.3d 238, 279 (3d Cir. 1983), *reversed on other grounds sub. nom.* Matsushita Elec. Industrial Corp., v. Zenith Radio Corp. 475 U.S. 574 (1986). The foregoing leads the court to the last stage of analysis, a balancing of the probative value of the expert's testimony against the potential for undue prejudice. But the plaintiffs' real complaint is that the proposed testimony is unhelpful to their theory of the case and undermines that of their own expert; that posture mistakes prejudice with the adversarial process. It is well settled that contradictory expert testimony is properly admissible, *United States v. Mooney*, 315 F.3d 54, 61-63 (1st Cir.

2002), and that the trier of fact should be permitted to accept or reject such expert testimony. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" are the preferred means of challenging expert evidence. *Daubert* at 595-596.

*Conclusion*

In view of the foregoing, the plaintiff's motion in limine should be denied.

THE DEFENDANTS, KEVIN A. MILES, LEROY HOLDING COMPANY, INC. and SLC TRANSPORTS, INC.

By Their Attorney

*/s/ Kevin G. Murphy*

Kevin G. Murphy, Esquire
Pessolano, Dusel, Murphy & Casartello, P.C.
115 State Street
Springfield, MA 01103
(413) 781-4700
(413) 781-0471 (fax)
BBO No. 363110

Certificate of Service

I certify that on this date I caused the foregoing document to be served upon the other party by mailing same, postage prepaid to Samuel M. Rather, Esq. 99 Asylum Avenue, Hartford, CT 06105.

Kevin Murphy