UNITED STATES DISTRICT COURT

**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE
WESTERN DIVISION

2005 MAY -2 P 3: 49

U.S. DISTRICT CO...
DISTRICT OF MASS.

ESTATE OF JOSE R. FELICIANO, )
By and through Jose L. Feliciano and )
Migdalia Rosado, as Administrators of )
The Estate of Jose R Feliciano, )
                             Plaintiff )
vs. )
                                   )
KEVIN A. MILES, )
LEROY HOLDING COMPANY, INC., )
and SLC TRANSPORTS, INC., )
                           Defendants )

Civil No. 03-30.308-MAP

<u>**PROPOSED JURY INSTRUCTIONS**</u>

NOW COME the parties in the above-entitled action and hereby requests this Honorable Court to provide the jury at the trial of this action the following instructions:

1. Members of the jury, you are about to begin your final duty, which is to decide the fact issues in this case. Before you do that, I will instruct you on the law. It was obvious to me throughout the trial that you faithfully discharged your duty to listen carefully to all the evidence and to observe each of the witnesses. I now ask you to give me that same close attention, as I instruct you on the law.

2. My function as the judge in this case has been to see that this trial was conducted fairly, orderly, and efficiently. It was also my responsibility to rule on what you may consider as evidence, and to instruct you on the law which applies to this case. It is your duty as jurors to accept the law as I state it to you. You should consider all my instructions as a whole. You may not ignore any instruction, or give special attention to any one instruction. You must follow the law as I give it to you whether you agree with it or not. <u>Georgia v. Brailsford, 3 U.S. (3 Dall.) 1, 4 (1794)</u> (Jay, C.J.) (judge determines law, while jury decides facts); <u>Commonwealth v. Keniston, 423 Mass. 304, 310, 667 N.E.2d 1127, 1131 (1996)</u> (citing <u>Commonwealth v. Wilson, 381 Mass. 90, 118-19, 407 N.E.2d 348, 367 (1980)</u> (judge must be the trial's "directing and controlling mind")); <u>Commonwealth v. Sneed, 376 Mass. 867, 870, 383 N.E.2d 843, 845 (1978)</u> (judge must instruct on applicable law, and may state evidence and discuss possible inferences neutrally); <u>Pfeiffer v. Salas, 360 Mass. 93, 100-101, 271 N.E.2d 750, 754-55 (1971)</u> (judge must instruct in language understandable to jurors from all walks of life); <u>Commonwealth v. Brady, 357 Mass. 213, 214-15, 257 N.E.2d 465, 466 (1970)</u> (questions of law are for judge); <u>Commonwealth v. Carson, 349 Mass. 430, 435, 208 N.E.2d 792, 795 (1965)</u> (judge must state applicable law correctly); <u>Commonwealth v. Davis, 271 Mass. 99, 100-01, 170 N.E. 924, 925 (1930)</u> (sentencing is judge's responsibility alone); <u>Commonwealth v. Anthes, 5 Gray</u>

185, 208-09, 221, 236 (1855) (jury must follow law as stated by judge); Commonwealth v. Porter, 10 Metc. 263, 286-87 (1845) (judge must superintend trial, rule on evidence and instruct on law); Commonwealth v. Knapp, 10 Pick. 477, 495 (1830) (questions of admissibility of evidence are for judge); Commonwealth v. Carney, 31 Mass.App.Ct. 250, 254, 576 N.E.2d 691, 694, further app. rev. denied, 411 Mass. 1101, 579 N.E.2d 1360 (1991) (approving charge not to use judge's questions or statements to determine how judge feels case should be decided, since judge has no right to interfere with jury's duty to find the facts and determine where the truth lies); Commonwealth v. Kane, 19 Mass.App.Ct. 129, 138, 472 N.E.2d 1343, 1349, further app. rev. denied, 394 Mass. 1101, 475 N.E.2d 401 (1985) (judge may give jury a neutral precis of the evidence). See also Commonwealth v. Murray, 396 Mass. 702, 705-710, 488 N.E.2d 415, 417-20 (1986) (to mandate reversal, jury charge must be so erroneous as to create "a substantial risk of a miscarriage of justice").

3. You must take the law as I give it to you. You should not be concerned about the wisdom of any rule of law that I give you. Whatever your private opinions about what the law is or ought to be, it is your duty to base your verdict on the law as I define it to you.

4. If I devote a bit more time to discussing any particular charge or part of the charge, you are not to infer anything from the length of my discussion. Some matters may take longer to explain, but that is not a guide to their relative importance and is not an indication that I have an opinion on any issue in this case.

5. It was the duty of both lawyers in this case to object when the other side offered evidence which that lawyer believed was not admissible under our rules of evidence. They also had an obligation to ask to speak to me at the judge's bench about questions of law, which the law requires me to rule on out of your hearing. The purpose of such objections and rulings is not to keep relevant information from you. Just the opposite: they are to make sure that what you hear is relevant to this case, and that the evidence is presented in a way that gives you a fair opportunity to evaluate its worth.

6. You should not draw any inference, favorable or unfavorable, to either attorney or his client for objecting to proposed evidence or asking me to make such rulings. That is the function and responsibility of the attorneys here. L. B. Sand, J. S. Siffert, W. P. Loughlin and S.A. Reiss, Modern Federal Jury Instructions §§ 2-10 and 2-9 (1985).

7. Your function as the jury is to determine the facts of this case. You are the sole and exclusive judges of the facts. You alone determine what evidence to accept, how important any evidence is that you do accept, and what conclusions to draw from all the evidence. You must apply the law as I give it to you to the facts as you determine them to be, in order to decide whether the plaintiff has proved its case.

8. You should determine the facts based solely on a fair consideration of the evidence. You are to be completely fair and impartial, and you are not to be swayed by prejudice

or by sympathy, by personal likes or dislikes, toward either side. You are not to allow yourselves to be influenced because the claims are popular or unpopular with the public.

9. You are not to decide this case based on what you may have read or heard outside of this courtroom. You are not to engage in any guesswork about any unanswered questions that remain in your mind, or to speculate about what the "real" facts might or might not have been.

10. You should not consider anything I have said or done during the trial in ruling on motions or objections, or in comments to the attorneys, or in questions to witnesses, or in setting forth the law in these instructions as any indication of my opinion as to how you should decide the case. If you believe that I have expressed or hinted at any opinion about the facts of this case, please disregard it. I have no opinion about the facts or what your verdict ought to be; that is solely and exclusively your duty and responsibility. In short, you are to confine your deliberations to the evidence and nothing but the evidence. Commonwealth v. Smith, 387 Mass. 900, 909-10, 444 N.E.2d 374, 381 (1983) (verdict must be based on evidence and not sympathy); Commonwealth v. Fitz-gerald, 376 Mass. 402, 424, 381 N.E.2d 123, 138 (1978) (verdict may not be based on sympathy for victim or general considerations); Commonwealth v. Clark, 292 Mass. 409, 411, 198 N.E. 641, 643 (1935) (jury should be both im-partial and courageous); Commonwealth v. Anthes, 5 Gray 185, 197-98 (1855) (jury's judgment is conclusive of facts in case); Commonwealth v. Carney, 31 Mass.App.Ct. 250, 254, 576 N.E.2d 691, 694, further app. rev. denied, 411 Mass. 1101, 579 N.E.2d 1360 (1991) (approving charge not to use judge's ques-tions or statements to determine how judge feels case should be decided, since judge has no right to interfere with jury's duty to find the facts and determine where the truth lies); Commonwealth v. Ward, 28 Mass.App.Ct. 292, 296, 550 N.E.2d 398, 401 (1990) (judge charged "determine the facts . . . without prejudice, without fear, without favor; solely from a fair consideration of the evidence. . . .").

11. The standard of proof in a civil case is that a plaintiff must prove its case by a preponderance of the evidence. This is a less stringent standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt. By contrast, in a civil case such as this one, the plaintiff is not required to prove its case beyond a reasonable doubt. In a civil case, the party bearing the burden of proof meets the burden when he or she shows it to be true by a preponderance of the evidence. The standard of a preponderance of the evidence means the greater weight of the evidence. A preponderance of the evidence is such evidence which, when considered and compared with any opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true. A proposition is proved by a preponderance of the evidence if, after you have weighed the evidence, that proposition is made to appear more likely or probable in the sense that there exists in your minds an actual belief in the truth of that proposition derived from the evidence, notwithstanding any doubts that may still linger in your minds. Simply stated, a matter has been proved by a preponderance of

the evidence if you determine, after you have weighed all of the evidence that that matter is more probably true than not true. <u>Sargent v. Massachusetts Accident Co.</u>, 307 Mass. 246, 250, 29 N.E.2d 825, 827 (1940). See also <u>Lisbon v. Contributory Ret. App. Bd.</u>, 41 Mass.App.Ct. 246, 670 N.E.2d 392 (1996).

12. A wrongful death action, such as this one, is a tort action brought by the administrators of the decedent's estate. Here, the plaintiff is the administrator, or in this case the administrators, of the estate of Jose R. Feliciano, the decedent. The plaintiff has brought this action to recover damages for the benefit of the decedent's parents caused by the decedent's death.

13. The statute under which this action is brought provides as follows: A person who

   a. By his negligence causes the death of a person or
   b. By willful, wanton or reckless act causes the death of a person under such circumstance that the deceased could have recovered damages for personal injuries if his death had not resulted, shall be liable in damages in the amount of
   c. The fair monetary value of the decedent to the persons entitled to received the damages recovered, in this case the decedent Jose R. Feliciano's parents, Migdalia Rosado and Jose L. Feliciano, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advise of the decedent Jose R. Feliciano to his parents; and
   d. The reasonable funeral and burial expenses of the decedent Jose R. Feliciano; and
   e. Punitive damages in an amount not less than five thousand dollars in such case as the decedent's death was caused by the malicious, willful, wanton or reckless conduct of the defendant or by the gross negligence of the defendant.

14. In order to recover in this lawsuit, the plaintiff has the burden of proving by a preponderance of the evidence the following four elements:

   a. First, the plaintiff must prove that the defendant owed the decedent a duty of care.
   b. Second, the plaintiff must prove that the defendant breached that duty of care or in other words was negligent.
   c. Third, the plaintiff must prove that the plaintiff suffered injury or harm.
   d. Fourth, the plaintiff must prove that the defendant's breach of duty was the cause of the plaintiff's injury or harm.

15. The first element that the plaintiff must prove by a preponderance of the evidence is that a duty was owned to the decedent by the defendant. You are to interpret the word "duty" as an obligation. You are instructed that as a matter of law the defendant owed the decedent a duty to exercise reasonable care under the circumstances which an ordinarily prudent person would have exercised under similar circumstances.

16. The amount of care that the prudent person would exercise varies with the

circumstances, the care increasing with the likelihood and severity of the harm threatened. See Goldstein v. Gontarz, 364 Mass. 800, 805-806, 309 N.E.2d 200, 2001 (1974).

17. In determining the amount of care owed by the defendant to the decedent, relevant to your determination is whether an obvious, dangerous condition existed. See Upham v. Cha-teau de Ville Dinner Theatre, Inc., 380 Mass. 350, 355-356, 403 N.E.2d 384, 387 (1980).

18. If you find that the defendant violated any safety statute, ordinance or regulation applicable to him and that the eventual occurrence was one of the things that the statute was designed to prevent, then the violation is some evidence of negligence on the part of the defendant. It is not, however, conclusive evidence of negligence. See Perry v. Medeiros, 369 Mass. 836, 841, 343 N.E.2d 859, 862 (1976). It is not necessary that the defendant has been charged with or convicted of a violation. It is sufficient if you find that the statute, regulation, or ordinance was one that the defendant was supposed to comply with and that he did not comply with the statute. If that is proved you may consider that fact, together with all other circumstances, in determining whether the defendant acted negligently. However, you need not find a violation of law in order to hold the defendant liable for negligence in causing or contributing to causing the plaintiff's injuries. See Restatement (Second) of Torts, §424.

19. The following is a list of safety statutes, ordinances and regulations applicable to the defendant:

   a. Massachusetts law requires that "upon approaching a pedestrian who is upon the traveled part of any way and not upon a sidewalk, every person operating a motor vehicle shall slow down." See M.G.L.c. 90, §14; Plescia v. Cavanagh, 24 Mass.App.Dec. 204 (1969); Goldstein v. Gontarz, 364 Mass. 800, 804, 309 N.E.2d 196, 200 (1974).
   b. Under Massachusetts law, a defendant has a duty to decrease the speed of his motor vehicle "when a special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions." See M.G.L.c. 90, §17.
   c. An operator of a motor vehicle using a public highway owes a duty of ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid a collision. In addition, the operator owes a duty to keep a proper lookout and make reasonable observations as to traffic and other conditions. See Fitzgerald v. Packard, 317 Mass. 431, 432, 58 N.E.2d 755, 756 (1944) and G.L.c. 231, §§85A, 85B.
   d. An operator of a motor vehicle using a public highway owes a duty of care to warn of danger, if the person on whom that duty rests knew or reasonably should have known a warning was needed. See Schaeffer v. Gen. Motors Corp., 372 Mass. 171, 174, 360 N.E.2d 1062, 1065 (1977). A plaintiff is entitled to a presumption that if a warning had been given by the defendant, it would have been heeded. See Harlow v. Chin, 405 Mass. 697, 713, 545 N.E.2d 602, 611

(1989).

e. Massachusetts law states that "upon approaching a pedestrian who is on the traveled part of any way and not on a sidewalk, every person operating a motor vehicle shall slow down." M.G.L.c. 90, §14.

f. Massachusetts law states that "every person operating a motor vehicle shall decrease the speed of the same when a special hazard exists with respect to pedestrians or other traffic, or by reason of weather or highway conditions." See M.G.L.c. 90, §17.

g. Massachusetts law requires the operator of a motor vehicle to drive his or her vehicle entirely within a single lane, and shall not move from the lane in which he or she is operating until he or she has ascertained first if such movement can be made with safety. 720 C.M.R. §9:06(1).

h. Massachusetts law requires that an operator of a vehicle shall exercise due care to avoid colliding with any pedestrian upon the roadway. See 720 C.M.R. §9:06(28).

i. Massachusetts law requires the operator of a vehicle to give an audible warning with his horn or other suitable warning device whenever necessary to insure safe operation. See 720 C.M.R. §9:06(15).

20. An employer is responsible for the negligence of its employee if the employee was negligent while acting within the scope of his employment. In determining whether the conduct was within the scope of a person's employment, you may take into account whether it was the type of conduct that he was employed to perform, whether the conduct occurred substantially within the authorized time and space limits, and whether it was motivated, at least in part, by a purpose to serve the employer. See Worcester Ins. Co. v. Fells Acres Day School, Inc., 408 Mass. 393, 404, 557 N.E.2d 958, 966-67 (1990).

21. In all actions to recover damages for personal injury or death of a person arising out of a motor vehicle accident, evidence that at the time such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant owner was legally responsible, and absence of such responsibility is a defense which must be proven by the defendant owner. See M.G.L.c. 231, §85A.

22. Negligence is doing something that a reasonably prudent person in the ordinary course of human events would not do, or failing to do something that a reasonable person of ordinary prudence would do. See Massachusetts Lobstermen's Assoc. v. United States, 554 F.Supp. 740, 742 (D.Mass. 1982).

23. The second element which the plaintiff must prove by a preponderance of the evidence is that the defendant did not exercise the required amount of care under the circumstances, that the defendant breached his duty of care, or, in other words, was negligent. Since there is a duty to exercise reasonable care under the circumstances, the plaintiff must prove by a preponderance of the evidence that the defendant failed to exercise the required amount of care. See Perry v. Medeiros, 369 Mass. 836, 343 N.E.2d 859 (1976).

24. If you decide that the defendant was negligent, you must then consider the third element the plaintiff must prove by a preponderance of the evidence. You must consider whether the defendant's negligent conduct caused the plaintiff's injuries. See Simmons v. Monarch Machine Tool Co., 413 Mass. 205, 212, 596 N.E.2d 318, 323 (1992). To meet the burden of proof on this third element, the plaintiff need only show that there was a greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause. See Mullins v. Pine Manor College, 389 Mass. 47, 58, 449 N.E.2d 331, 338-39 (1983).

25. The plaintiff also has the burden of proving by the preponderance of the evidence that the defendant's negligence substantially contributed to causing the plaintiff's injury. The plaintiff does not have to prove that the defendant's negligence was the only or predominant cause of the injury. If two or more factors, which operated concurrently, contributed to the plaintiff's injury, so that in effect the damages suffered were inseparable, then it is enough for the plaintiff to prove that the defendant's negligence was a substantial factor in causing the injury. See O'Connor v. Raymark Indus., Inc., 401 Mass. 586, 591-92, 518 N.E.2d 510, 512-13 (1988).

26. By "substantial" I mean that the defendant's contribution to the harmful result (i.e. the defendant's negligence) was not an insignificant factor. The defendant's negligence must contribute significantly to the result, it must be a material and important ingredient in causing the harm. If the defendant's negligence was a substantial factor, then it is considered a legal cause of the plaintiff's injury, and the plaintiff is entitled to recover. If it was not a substantial factor, if the negligence was only slight, insignificant or tangential to causing the harm, then even though you have found the defendant negligent, he cannot be held liable to pay damages to the plaintiff on this claim. See O'Connor v. Raymark Indus., Inc., 401 Mass. 586, 591-92, 518 N.E.2d 510, 512-13 (1988).

27. The fact that the defendant, at the time of the negligent conduct, neither realized nor should have realized that it might cause harm to another in the particular manner in which the harm occurred, is not itself sufficient to prevent the defendant from liability if the conduct was negligent and was a substantial factor in bringing about the harm. If the defendant should have realized that his conduct might cause harm to another in substantially the manner in which it was brought about, the harm is regarded as the legal consequence of the defendant's negligence. See Jorgenson v. Massachusetts Port Authority, 905 F.2d 515 (1st Cir. 1990); Kline v. 1500 Massachusetts Ave. Apartment Corp., 439 F.2d 477 (D.C.Cir. 1970); Rae v. Air-Speed, Inc., 386 Mass. 187, 435 N.E.2d 628 (1982).

28. As to the defense of this action, the defendants are claiming that the decedent himself was negligent and that the decedent's own negligence caused his injuries. We have a law in Massachusetts called the "comparative negligence statute" that requires you, the jury, to compare the negligence, if any, of the defendants to the negligence, if any,

of the plaintiff.

29. Unlike the previous elements where the plaintiff has the burden of proof, as to the issue of comparative negligence, the defendants have the burden of proving by a preponderance of the evidence that the decedent was negligent and that his negligence contributed to the cause of his injuries.

30. When you are determining whether the decedent was negligent, remember the instructions on causation. The decedent's negligence must have been a substantial factor in causing his injury for this comparative negligence analysis to apply. A plaintiff's negligence causally contributes to his injury if he ought to have foreseen that his conduct in connection with other causes would be likely to produce an accident. If you are convinced by a preponderance of the evidence that the plaintiff was negligent, you are to compare that negligence to the negligence of the defendants. To accomplish this comparison, determine the percentage that the plaintiff was negligent and the percentage that the defendant was negligent. The combined total of negligence of the plaintiff and all defendants must equal 100 percent. If the negligence of the plaintiff is greater than the negligence of the defendant, the plaintiff will not be entitled to recover any damages.

31. I now turn to the subject of damages. You will only reach the issue of damages if you find that the defendant was negligent and that the defendant's negligence was a proximate cause of the decedent's death. If you find that the plaintiff is entitled to damages, then, as you with all other elements, the plaintiff bears the burden of proving their damages by a fair preponderance of the evidence. The purpose of the law in awarding damages is to compensate for the losses incurred because of another's negligent conduct. Damages are to be awarded as fair and reasonable compensation for the legal wrong done by the defendant. Recovery for wrongful death represents damages to the survivors for the loss of the value of the decedent's life. See Miga v. City of Holyoke, 398 Masss. 343, 352 n.10, 487 N.E.2d 1, 6, n.10 (1986).

32. It is your obligation to assess what is fair, adequate and just. You must use your wisdom and judgment and your sense of basic justice to translate into dollars and cents the amount which will fully, fairly and reasonably compensate the next of kin for the death of the decedent. You must be guided by your common sense and your conscience on the evidence in the case.

33. In determining the amount of damages which the plaintiff is entitled to recover, there are certain areas which you should take into consideration.
   a. First, under the wrongful death statute, the surviving parents of the deceased are entitled to recover the fair monetary value of the decedent to them, including, but not limited to, compensation for the following:
      i. loss of reasonably expected services;

      ii. protection;

     iii. care;

     iv. assistance;

      v. society;

     vi. companionship;

    vii. comfort;

   viii. guidance;

     ix. counsel;

      x. and advice of Jose R. Feliciano. See Shultz v. Grogean, 406 Mass. 364, 366, 548 N.E.2d 180, 181 (1990); Lane v. Meserve, 20 Mass.App.Ct. 659, 666, 482 N.E.2d 530, 534 (1985).

  b. Second, the next of kin are entitled to recover the value of any loss of services which the decedent regularly performed although the services were gratuitous. See Alden v. Norwood Arena, 332 Mass. 267, 277, 124 N.E.2d 505, 510-511 (1955).

  c. Third, you are to consider the cost of burial and funeral expenses incurred by the administrators because of the death. The plaintiff is entitled to be compensated for those expenses which were reasonable in the amount and which were reasonably necessary to bury Jose R. Feliciano. Therefore, you must determine whether the expense was reasonably related to the burial of the decedent and whether the charge itself was reasonable. Hewitt v. United States, 550 F.Supp. 589, 591 (D.Mass. 1982).

34. On the special verdict form, you must make a separate determination with respect to the fair value of the decedent to each of the next of kin. See Burt v. Meyer, 400 Mass. 185, 187-91, 508 N.E.2d 598, 600-02 (1967); Guy v. Johnson, 15 Mas.App.Ct. 757, 760-761, 448 N.E.2d 1142, 1144-45 (1983).

35. The administrators of the Estate of Jose R. Feliciano have alleged that the defendant caused the decedent's death by malicious, willful, wanton and reckless conduct. The administrators have the burden of proving malicious, willful, wanton and reckless conduct by a preponderance of the evidence. When you are determining whether the defendant's conduct was malicious, willful, wanton or reckless, remember the instructions on causation which I gave you earlier.

36. The defendant has acted maliciously, wantonly, willfully, or recklessly only when the defendant inflicts injury intentionally or is so utterly indifferent to the rights of others that the defendant acts as if such rights did not exist. The injury is then a willful and

not a negligent wrong. See Issacson v. Boston, Worcester & N.Y. St. Ry.Co., 278 Mass. 378, 387, 180 N.E.2d 118, 121-22 (1932).

37. If you determine that the decedent's death was a result of the defendant's malicious, willful, wanton or reckless conduct, then the statute allows you to award punitive damages to the plaintiff. See M.G.L.c. 229, §2.

38. If you should find the defendant has acted maliciously, willfully, wantonly or recklessly, your are not to take into account the decedent's comparative negligence, if any, in assessing punitive damages. See Lane v. Meserve, 20 Mass.App.Ct. 659, 664, 482 N.E.2d 530, 533 (1985).

39. Punitive damages are to be awarded in addition to the compensatory damages on which I instructed you earlier. Punitive damages are awarded to punish the defendant and to deter future wrongdoing, not to compensate particular harmed individuals. Santos v. Lumbermens Mut. Cas. Co., 408 Mass. 70, 82, 556 N.E.2d 983, 985 (1990).

40. In determining the amount of a punitive damage award, if any, you should consider:

   a. the character and nature of the defendant's conduct;

   b. the defendant's wealth, in order to determine what amount of money is needed to punish the defendant's conduct and to deter any future acts;

   c. the actual harm suffered by the plaintiff; and

   d. the magnitude of any potential harm to other victims if similar future behavior is not deterred. G.L. c. 229, 2.

41. The administrators of the Estate of Jose R. Feliciano have also alleged that the defendant caused the decedent's death by gross negligence. The administrators have the burden of proving gross negligence by a preponderance of the evidence. When you are determining whether the defendant's conduct was gross negligence, remember the instructions on causation which I gave you earlier.

42. Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character, as distinguished from a mere failure to exercise ordinary care. It is very great negligence or the absence of slight diligence or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a needless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence, but is something less than willful, wanton, and reckless conduct. It falls short of being such

reckless disregard of probable consequences as is equivalent to a willful and intentional wrong. Ordinary and gross negligence differ in degree of inattention. Both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure. Altman v. Aronson, 231 Mass. 588, 591-92, 121 N.E. 505, 506 (1919). For a thorough discussion of willful, wanton, and reckless conduct.

43. Some of the common indicia of gross negligence are "deliberate inattention or . . . voluntary incurring of obvious risk or . . . impatience of reasonable restraint or . . . persistence in a palpably negligent course of conduct over an appreciable period of time." Pruzynski v. Malinowski, 338 Mass. 58, 60, 153 N.E.2d 640, 641 (1958) (quoting Lynch v. Springfield Safe Deposit & Trust Co., 294 Mass. 170, 172, 200 N.E. 914, 915 (1936)).

44. If you determine that decedent's death was a result of the defendant's gross negligence, then the statute allows you to award punitive damages. If you find the defendant grossly negligent, then you are not to take into account the decedent's negligence, if any, in assessing punitive damages. Lane v. Meserve, 20 Mass.App.Ct. 659, 664, 482 N.E.2d 530, 533 (1985).

45. Punitive damages are to be awarded in addition to the compensatory damages on which I instructed you earlier. Punitive damages are awarded to punish the defendant and deter future wrongdoing, not to compensate particular harmed individuals.

46. During the course of this trial, I have had occasion to admonish or reprimand an attorney. You are to draw no inference against him or his client because of that. It is the duty of the attorneys to offer evidence, to object, and to argue to you on behalf of their side. It is my function to exclude evidence or argument that is inadmissible under our rules, and to admonish attorneys when I feel that is necessary for an orderly trial. You should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I do or do not like a lawyer. The issue is not which attorney is more likeable; the issue is whether the plaintiff has proved its case. In fact, in this case, I would like to express my thanks to each of the attorneys for their conscientious efforts on behalf of their clients and for the assistance that they have given me during this trial.

47. You must not discuss the case with anyone, even with your fellow jurors, until all of the evidence has been presented, the final arguments have been made and I have instructed you on applicable law and the case is submitted to you. After it is submitted to you, you may discuss it only in the jury room with your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until the entire case has been submitted to you. Commonwealth v. Benjamin, 369 Mass. 770, 772, 343 N.E.2d 402, 404 (1976). See Commonwealth v. White, 147 Mass. 76, 80, 16 N.E. 707, 711 (1888); Jury Trial Manual for Criminal Offenses Tried in the District Court § 2.62 (MCLE 1988). Once the jury begins to deliberate, whenever the judge permits the jurors to separate (including separation for lunch), Mass.R.Crim.P. 20(e)(2) requires that the jury be given a definite time to reassemble in the courtroom before retiring for further deliberations. Commonwealth v. Hearn, 31 Mass.App.Ct.

707, 712-13, 583 N.E.2d 279, 283 (1991), further app. rev. denied, 412 Mass. 1101, 588 N.E.2d 691 (1992); Commonwealth v. Ford, 20 Mass.App.Ct. 575, 579, 481 N.E.2d 534, 536-37 (1985), rev'd on other grounds, 397 Mass. 298, 490 N.E.2d 1166 (1986).

48. Any jurors who wish to do so may take notes during the course of this trial. Some jurors may feel that notes are helpful, particularly if the case involves any complicated issues. Of course, you are not required to take notes, and some of you may feel that taking notes may be a distraction and interfere with hearing and evaluating all the evidence. If you do take notes, I suggest you take them sparingly and keep them brief. Do not try to summarize all of the testimony. Notes may help you remember testimony or help you to keep straight the names or relationships of people in the case. But remember-you must decide whether and how much you believe the witnesses, and an important part of that is your observation of each person's demeanor and appearance on the witness stand. Do not let note taking distract you from those important observations. Most of your work in this trial must be done with your eyes, your ears, and your mind, not with your fingers. When you get to the jury room, remember that your notes are only an aid to your memory, and not a substitute for what you actually remember. Do not use your notes to try to persuade your fellow jurors; your notes are not official transcripts. I wish to tell you now that there will be no transcript of any of the evidence available during your deliberations. It is imperative that you pay close attention to all of the witnesses and listen carefully to the testimony. Whether you take notes or not, you must rely on your own memory in the jury room. Do not be influenced by the notes of other jurors. If you do take notes, please keep them private and do not show them to anyone but your fellow jurors. In order to help preserve the confidentiality of your deliberations, after you have reached a verdict I will direct the court officers to collect and destroy any notes that have been made in this case. (This instruction is recommended when note taking is permitted by the judge. See Jury Trial Manual for Criminal Offenses Tried in the District Court § 2.23 (MCLE 1988). It is adapted from E. J. Devitt and C. B. Blackmar, Federal Jury Practice and Instructions § 10.06 (Supp. 1980), which was recommended in Commonwealth v. Wilborne, 382 Mass. 241, 253, 415 N.E.2d 192, 200 (1981), and in Commonwealth v. St. Germain, 381 Mass. 256, 267 n.21, 408 N.E.2d 1358, 1367 n.21 (1980).)

49. You are to decide what the facts are solely from the evidence admitted in this case, and not from suspicion or conjecture. The evidence consists of the testimony of witnesses, as you recall it, any documents or other things that were received into evidence as exhibits, and any fact on which the lawyers have agreed or which I have told you that you may accept as proved. You will have all of the exhibits with you in the jury room. You alone will decide the weight-that is, the value-that they deserve to receive in helping you make your ultimate judgment about whether the plaintiff has proved [his/her] case. You are not required to believe something simply because it is written on a piece of paper or appears in a photograph. You are not, of course, required to disbelieve it because it appears there. Whether to believe what an exhibit purports to show and how much weight to give the exhibit is entirely for you to

decide.

50. Of course, the quality or strength of the proof is not determined by the sheer volume of evidence or the number of witnesses or exhibits. It is the weight of the evidence, its strength in tending to prove the issue at stake that is important. You might find that a smaller number of witnesses who testify to a particular fact are more believable than a larger number of witnesses who testify to the opposite. Some things that occur during a trial are not evidence and you may not consider them as evidence in deciding the facts of this case. A question put to a witness is never evidence; only the answers are evidence. Also, you may not consider any answer that I struck from the record and told you to disregard. Do not consider such answers.

51. You may not consider any item that was marked for identification but was never received in evidence as an exhibit.

52. Anything that you may have seen or heard when the court was not in session is not evidence.

53. The opening statements and the closing arguments of the lawyers are not a substitute for the evidence. They are only intended to assist you in understanding the evidence and the contentions of the parties. My instructions and anything that I have said in passing during the trial are not evidence. If your memory of the testimony differs from the attorneys' or mine, you are to follow your own recollection.

54. Consider the evidence as a whole. Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case, and you and your fellow jurors have discussed the evidence. Keep an open mind until then. Commonwealth v. LaCorte, 373 Mass. 700, 702, 369 N.E.2d 1006, 1008 (1977).

55. Stipulations of Fact: The plaintiff and the defendant have agreed, or stipulated, to the following:

   a. (Read list of stipulated facts to the jury).

   b. This means that they both agree that this is a fact. You are therefore to treat this fact as undisputed and proved. A stipulation of fact leaves that fact no longer at issue, and must be accepted by the jury. Commonwealth v. Triplett, 398 Mass. 561, 570, 500 N.E.2d 262, 267 (1986). It is not necessary that a stipulation be formally entered as an exhibit. Sierra Mktg., Inc. v. New England Wholesale Co., 14 Mass.App.Ct. 976, 978, 438 N.E.2d 1101, 1103, further app. rev. denied, 387 Mass. 1105, 438 N.E.2d 1101 (1982).

56. Depositions: A deposition is testimony that was given out of court by a witness under oath, in response to questions asked by either of the attorneys. You are to treat a deposition in the same way as if the testimony had been given here in court. As with all witnesses, it is for you to determine how believable and how significant that

testimony is.

57. Direct and Circumstantial Evidence: There are two types of evidence that you may use to determine the facts of a case: direct evidence and circumstantial evidence. You have direct evidence where a witness testifies directly about the fact that is to be proved, based on what [he/she] claims to have seen or heard or felt with [his/her] own senses, and the only question is whether you believe the witness. You have circumstantial evidence where no witness can testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact that is to be proved.

   a. For example: Your daughter might tell you one morning that she sees the mailman at your mailbox. That is direct evidence that the mailman has been to your house. On the other hand, she might tell you only that she sees mail in the mailbox. That is circumstantial evidence that the mailman has been there; no one has seen him, but you can reasonably infer that he has been there because there is mail in the box.

   b. Any inferences or conclusions you draw must be reasonable and natural, based on your common sense and experience of life.

   c. There is no difference in probative value between direct and circumstantial evidence.

   d. Citations: Commonwealth v. Corriveau, 396 Mass. 319, 339, 486 N.E.2d 29, 43 (1985). The language defining direct and circumstantial evidence, requiring subsidiary facts to be proved beyond a reasonable doubt, and requiring inferences to be consistent with each other, is a paraphrase of the charges in Commonwealth v. Tucker, 189 Mass. 457, 461, 76 N.E. 127, 127 (1905), and Commonwealth v. Webster, 5 Cush. 295, 310-20 (1878). The language that individual inferences in a circumstantial web need not be necessary ones is based on Commonwealth v. Best, 381 Mass. 472, 473, 411 N.E.2d 442, 449 (1980). The first sentence of the penultimate paragraph of the charge is a paraphrase of Commonwealth v. Russ, 232 Mass. 58, 68, 122 N.E. 176, 180 (1919). For another example illustrating circumstantial evidence, see Commonwealth v. Shea, 398 Mass. 264, 270 n.3, 496 N.E.2d 631, 635 n.3 (1986). See generally Commonwealth v. Medeiros, 354 Mass. 193, 197, 236 N.E.2d 642, 644 (1968), cert. denied sub nom. Bernier v. Mass., 393 U.S. 1058 (1969); Commonwealth v. Croft, 345 Mass. 143, 144-45, 186 N.E.2d 468, 468-69 (1962); Commonwealth v. Shea, 324 Mass. 710, 713, 88 N.E.2d 645, 647 (1949).

58. It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your

function to resolve those conflicts and to determine where the truth lies. The credibility of witnesses is always a jury question, Lupia v. Marino, 353 Mass. 749, 749, 231 N.E.2d 16, 16 (1967) (rescript opinion); Commonwealth v. Sabean, 275 Mass. 546, 550, 176 N.E. 523, 524 (1931); Commonwealth v. Bishop, 9 Mass.App.Ct. 468, 471, 401 N.E.2d 895, 898 (1980), and no witness is incredible as a matter of law, Commonwealth v. Hill, 387 Mass. 619, 623-24, 442 N.E.2d 24, 27-28 (1982); Commonwealth v. Haywood, 377 Mass. 755, 765, 388 N.E.2d 648, 654-55 (1979).

59. You may believe everything a witness says, or only part of it or none of it. If you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did not happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue. Inconsistencies in a witness's testimony are a matter for the jury, Commonwealth v. Clary, 388 Mass. 583, 589, 447 N.E.2d 1217, 1220-21 (1983); Commonwealth v. Dabrieo, 370 Mass. 728, 734, 352 N.E.2d 186, 190 (1976), Rin-tone v. Mass. Bay Transp. Auth., 3 Mass.App.Ct. 759, 759, 329 N.E.2d 139 (1975) (rescript) (citing Garland v. Stetson, 292 Mass. 95, 97-98, 197 N.E.2d 679 (1935)). which is free to accept testimony in whole or in part, Commonwealth v. Fitzgerald, 376 Mass. 402, 411, 381 N.E.2d 123, 131 (1978). Disbelief of a witness is not affirmative evidence of the opposite proposition. Commonwealth v. Swartz, 343 Mass. 709, 713, 180 N.E.2d 685, 687 (1962).

60. In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life. Often it may not be what a witness says, but how [he/she] says it that might give you a clue whether or not to accept [his/her] version of an event as believable. You may consider a witness's character, [his/her] appearance and demeanor on the witness stand, [his/her] frankness or lack of frankness in testifying, whether [his/her] testimony is reasonable or unreasonable, probable or improbable. You may take into account how good an opportunity [he/she] had to observe the facts about which [he/she] testifies, the degree of intelligence [he/she] shows, whether [his/her] memory seems accurate. The credibility of witnesses turns on their ability and willingness to tell the truth. Commonwealth v. Widrick, 392 Mass. 884, 888, 467 N.E.2d 1353, 1356 (1984). The third paragraph of the model instruction lists those factors that have been recognized as relevant to this determination. See Commonwealth v. Coleman, 390 Mass. 797, 802, 461 N.E.2d 157, 160 (1984). These were affirmed as correct and adequate in Commonwealth v. A Juvenile, 21 Mass.App.Ct. 121, 124 & n.5, 485 N.E.2d 201, 203 & n.5 (1985). However, the judge is not required to mention the witnesses' capacity to recall and relate, since that approaches the matter of competence, which is for the judge. Commonwealth v. Whitehead, 379 Mass. 640, 657 n.20, 400 N.E.2d 821, 834 n.20 (1980).

61. You may also consider a witness' motive for testifying, whether [he/she] displays any bias in testifying, and whether or not [he/she] has any interest in the outcome of the case. In charging on credibility, the judge should avoid any suggestion that only

credible testimony constitutes evidence. See <u>Commonwealth v. Gaeten, 15 Mass.App.Ct. 524, 531, 446 N.E.2d 1102, 1107 (1983)</u>.

62. The fact that a witness may have some interest in the outcome of this case does not mean that the witness is not trying to tell you the truth as that witness recalls it or believes it to be. But the witness's interest is a factor that you may consider along with all the other factors.

63. The weight of the evidence on each side does not necessarily depend on the number of witnesses testifying for one side or the other. You are going to have to determine the credibility of each witness who has testified, and then reach a verdict based on all the believable evidence in the case. You may come to the conclusion that the testimony of a smaller number of witnesses concerning some fact is more believable than the testimony of a larger number of witnesses to the contrary. <u>Commonwealth v. McCauley, 391 Mass. 697, 703 n.5, 464 N.E.2d 50, 54 n.5 (1984)</u>; Committee on Pattern Jury Instructions, District Judges Ass'n of the Eleventh Circuit, Pattern Jury Instructions-Criminal Cases § 5 (1985 ed.).

64. Where there are inconsistencies or discrepancies in a witness's testimony, or between the testimony of different witnesses, that may or may not cause you to discredit such testimony. Innocent mistakes of memory do happen-sometimes people forget things, or get confused, or remember an event differently. In weighing such discrepancies, you should consider whether they involve important facts or only minor details, and whether the discrepancies result from innocent lapses of memory or intentional falsehoods. <u>United States v. Jones, 880 F.2d 55, 67 (8th Cir. 1989)</u>; Charrow & Charrow, "Making Legal Language Understandable: A Psycholinguistic Study of Jury Instructions," 79 Colum.L.Rev. 1306, 1345-46 (1979); Manual of Jury Instructions for the Ninth Circuit, Instruction 3.08 (West 1985 ed.).

65. When you evaluate how reliable a witness's testimony is, you may take into account whether that witness made an earlier statement that differs in any significant way from [his/her] present testimony at trial. It is for you to say how significant any difference is. The earlier statement is not itself evidence of any fact that is mentioned in it. To repeat, if a witness's earlier statement is not consistent with [his/her] present testimony, you may take that into account when you determine how much belief to give that witness's present testimony from the witness stand. The prior statement is relevant only as to the witness's credibility, and you may not take it as proof of any fact contained in it. <u>Commonwealth v. Repoza, 382 Mass. 119, 131, 414 N.E.2d 591, 598 (1980)</u>; <u>Commonwealth v. Paradiso, 368 Mass. 205, 208 n.2, 330 N.E.2d 825, 827 n.2 (1975)</u>; <u>Commonwealth v. Bailey, 12 Mass.App.Ct. 104, 106 n.2, 421 N.E.2d 791, 793 n.2 (1981)</u>.

66. Normally you may not consider any statement that a witness made in the past which is similar to that witness's testimony at trial. That rule rests in part on our common experience that saying something repeatedly does not necessarily make it any more or less true. But we make an exception to that rule where there has been a suggestion

that a witness may have recently contrived [his/her] testimony. In determining how reliable a witness is who has been accused of recently inventing [his/her] testimony, you may consider any earlier statements that the witness made which are consistent with [his/her] present testimony. It is for you to say how important the consistency is, depending on when any earlier statement was made and any other circumstances that you consider significant. See Commonwealth v. Festo, 251 Mass. 275, 278-79, 146 N.E. 700, 701-02 (1925). See also Commonwealth v. Noble, 417 Mass. 341, 629 N.E.2d 1328 (1994) (Daye rule has been expanded to grand jury testimony unrelated to iden-tification); Commonwealth v. Daye, 393 Mass. 55, 469 N.E.2d 483 (1984) (prior inconsistent statements before grand jury are admissible as substantive evidence if uncoerced and based on personal knowledge, and declarant can be effectively cross-examined at trial); Commonwealth v. Basch, 386 Mass. 620, 623, 437 N.E.2d 200, 203 (1982) (permissible to limit on collateral, but not on material, issue); Commonwealth v. Simmonds, 386 Mass. 234, 242, 434 N.E.2d 1270, 1276 (1982) (prior statement need not directly contradict present testimony); Commonwealth v. Reddick, 372 Mass. 460, 463, 362 N.E.2d 519, 521 (1977) (witness's failure to remember earlier statements); Commonwealth v. Festa, 369 Mass. 419, 426, 341 N.E.2d 276, 281 (1976) (same); Commonwealth v. Chin Kee, 283 Mass. 248, 261, 186 N.E. 253, 259 (1933) (witness without present memory cannot be impeached with earlier statements); Commonwealth v. Ro-sadilla-Gonzalez, 20 Mass.App.Ct. 407, 413, 480 N.E.2d 1051, 1057 (1985) (judge not required to tell jury which evidence is allegedly a prior inconsistent statement); Commonwealth v. Denson, 16 Mass.App.Ct. 678, 684-85, 454 N.E.2d 1283, 1287 (1983) (error to limit to instances of falsification rather than mistake or confusion); Commonwealth v. Hollyer, 8 Mass.App.Ct. 428, 431-33, 395 N.E.2d 354, 356-57 (1979) (introducing balance of earlier statement).

67. The earlier statement is not itself evidence of any fact that is mentioned in it. To repeat, if there has been a suggestion that a witness recently contrived [his/her] testimony at this trial, when you evaluate that claim you may also take into account any earlier statement the witness made which is consistent with [his/her] present testimony. The prior statement is relevant only as to the witness's credibility, and you may not take it as proof of any fact contained in it. A judge is required on request to give a limiting instruction on the evidentiary effect of prior inconsistent statements. Failure to do so may be reversible error in some circumstances. Commonwealth v. Martin, 19 Mass.App.Ct. 117, 119-20 & n.3, 472 N.E.2d 276, 278 & n.3 (1984). See Commonwealth v. Anderson, 396 Mass. 306, 316, 486 N.E.2d 19, 25 (1985). Where there is no objection or request for a limiting instruction, a prior incon-sistent statement may be considered as substantive evidence. Commonwealth v. Luce, 399 Mass. 479, 482, 505 N.E.2d 178, 180 (1987); Commonwealth v. Costa, 354 Mass. 757, 757, 236 N.E.2d 94, 95 (1968). See Commonwealth v. Brookins, 416 Mass. 97, 103, 617 N.E.2d 621, 624 (1993) (prior consistent statement must precede bias allegedly influencing testimony); Commonwealth v. Andrews, 403 Mass. 441, 454-55, 530 N.E.2d 1222, 1229-30 (1988) (judge, and thereafter jury, may conclude that there has been a claim of recent contrivance even where witness's opponent denies such); Commonwealth v. Mayfield, 398 Mass. 615, 629, 500 N.E.2d 774, 783 (1986)

(prior consistent statement admissible to rebut claim of recent contrivance, inducements, or bias); Commonwealth v. Haywood, 377 Mass. 755, 762-63, 388 N.E.2d 648, 653 (1979); Commonwealth v. Binienda, 20 Mass.App.Ct. 756, 758, 482 N.E.2d 874, 876 (1985) (reversible error to admit victim's prior consistent statement on ma-terial issue unless made before the alleged motive to fabricate arose).

68. A prior consistent statement is also admissible to shore up in-court testimony and rebut a prior inconsistent statement if it appears that the prior inconsistent statement may have been the aberrant product of transitory bias or pressure of some sort. Commonwealth v. Horne, 26 Mass.App.Ct. 996, 998, 530 N.E.2d 353, 356 (1988), further app. rev. denied, 404 Mass. 1101, 536 N.E.2d 612 (1989). The model instruction may be appropriately adapted for such a situation.

69. Your verdict must be based solely on the evidence developed at trial. It would be improper for you to consider any personal feelings about anyone's race, religion, national origin, sex, age, or sexual orientation. It must be clear to you that once you let prejudice or sympathy, or fear or bias interfere with your thinking, there is a risk that you will not arrive at a true and just verdict. Under your oath as jurors, you are to perform your duty of finding the facts without being swayed by bias or prejudice toward either side. The word "verdict" comes from two Latin words meaning "to tell the truth," and that is what the law looks to your verdict to do.

The Plaintiff
**Estate of Jose R. Feliciano**
By Its Attorneys

*/s/ Samuel M. Radner*

Samuel M. Radner, Esq.
The Haymond Law Firm, P.C.
999 Asylum Avenue
Hartford, CT 06105
(860) 728-5672
BBO # 565988

The Defendants
**Kevin Miles, SLC Transport, Inc.,
Leroy Holding Company**
By Their Attorneys

*/s/ Kevin Murphy*

Kevin Murphy, Esq.
Pessalano, Dusel, Murphy & Carsartello, P.C.
115 State Street, Fifth Floor
Springfield, MA 01103
(413) 781-4700
BBO # 363110