UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ESTATE OF JOSE R. FELICIANO, )
By and through Jose L. Feliciano and )
Migdalia Rosado, as Administrators of )
The Estate of Jose R. Feliciano, )
                 Plaintiffs )
                 )    Civil No. 03-30308-MAP
                 )
vs. )
                 )
KEVIN A. MILES, )
LEROY HOLDING COMPANY, INC., )
and SLC TRANSPORTS, INC., )
                 Defendants )

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Now come the Defendants, pursuant to Fed.R.Civ.P. 50(a), to move this Honorable Court to enter judgment on their behalf as a matter of law with regard to Counts One through Nine of the Complaint and direct a verdict in their behalf. In support of this motion the Defendants state that there has been insufficient evidence presented during the trial of this matter to establish their liability or allow the relief sought by the plaintiffs.

In addition, the Defendants set forth the following grounds for entry of judgment with regard to each separate Count of the Complaint:

Count One-Wrongful Death Caused by Negligence. There has been insufficient evidence presented to establish the liability of the defendant, Kevin Miles, or that Kevin Miles breached any duty of care. See, Magarian v. Hawkins, 321 F.3d 235, 237 (1st Cir. 2003) (applying Massachusetts negligence law);

Count Two-Wrongful Death-Conscious Suffering. There has been insufficient evidence to justify an award for conscious pain or suffering. See, Carr v. Arthur D. Little Inc., 348 Mass. 459 (1965) (insufficient evidence to raise jury question as to conscious pain and suffering);

Count Three-Wrongful Death-Punitive Damages. There is insufficient evidence to support any award of punitive damages where the decedent's death was not caused by malicious, willful or reckless conduct. Desmond v. Boston Elevated Ry. Co., 319 Mass. 13 (1946) and Coughlin v. Titus & Bean, 54 Mass. App. Ct. 633, rev denied, 437 Mass. 1105. Neither is there evidence of gross negligence in this case. Altman v. Aronson, 231 Mass. 588 (1919). Any award of punitive damages in this matter is not supported by the evidence.

Count Four-Liability Pursuant to G.L.c. 229, Section 2, G.L.c. 231, Section 85A and Respondeat Superior against SLC. There is insufficient evidence of negligence on the part of defendant Kevin Miles to sustain the allegations of Count Four.

Count Five-Liability for Conscious Pain and Suffering against SLC. As noted above, there is insufficient evidence to raise a jury question as to conscious pain and suffering or an award against defendant Kevin Miles. Accordingly, there is equally insufficient evidence to justify any such award against the defendant SLC.

Count Six-Wrongful Death-Punitive Damages against SLC. There is insufficient evidence to support any award of punitive damages as noted above.

Count Seven-Liability Pursuant to G.L.c. 229 Section 2, G.L.c. 231, Section 85A and Respondeat Superior against Leroy Holding Company. There is insufficient evidence of negligence on the part of defendant Kevin Miles to sustain the allegations of Count Seven. In addition, there is insufficient evidence that the defendant, Leroy Holding Company, employed or controlled the defendant Kevin Miles. See, Thompson v. Auto Credit Rehabilitation Corporation, 56 Mass. App. Ct. 1, 5-7 (2002), rev, denied 438 Mass. 1104.

Count Eight-Liability for Conscious Pain and Suffering against Leroy Holding Company. For all of the reasons set forth above, this defendant may not be held liable on this Count of the Complaint.

Count Nine-Wrongful Death-Punitive Damages against Leroy Holding Company. For the reasons set forth above this defendant may not be held liable for punitive damages.

THE DEFENDANTS, KEVIN MILES,
LEROY HOLDING COMPANY, INC. &
SLC TRANSPORT, INC.
By Their Attorney,

Kevin G. Murphy, Esquire
Pessolano Dusel, Murphy & Casartello, PC
115 State Street, Fifth Floor
Springfield, MA 01103
(413) 781-4700
(413) 781-0471 (fax)
BBO No. 363110