UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ESTATE OF JOSE R. FELICIANO, | ) | |
| By and through Jose L. Feliciano and | ) | |
| Migdalia Rosado, as Administrators of | ) | |
| the Estate of Jose R. Feliciano, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-30308-KPN |
| | ) | |
| | ) | |
| KEVIN A. MILES and SLC | ) | |
| TRANSPORTS, INC., | ) | |
| Defendants | ) | |

JURY INSTRUCTIONS
May 12, 2005

1.  It is now my duty to instruct you as to the law which applies to this case.  I urge you to pay close attention.  You will also have a copy of the instructions in the jury room with you.  The instructions cover four subject areas -- general comments; evidence; the burden of proof; and the elements of the case.

**I. GENERAL COMMENTS**

2.  You have been chosen and sworn as jurors to try the issues of fact presented in this case by the complaint of Jose L. Feliciano and Migdalia Rosado, administrators of the Estate of their deceased son, Jose R. Feliciano, (sometimes referred to as "Plaintiffs") and by the answer of Kevin Miles and SLC Transports, Inc. (sometimes referred to together as "Defendants").  You are to perform your duty without bias or prejudice to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.  Both the parties and the public expect that you

will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences.

3.   This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

4.   It is also your duty as jurors to follow the law as stated in my instructions and to apply the rules of law to the facts as you find them from the evidence.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

5.   Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion might be.  It is not my function to determine the facts.  It is yours.

6.   During the course of the trial, I have occasionally asked questions of a witness in order to bring out facts not then fully covered in the testimony.  Do not assume that I hold any opinion on the matters to which my questions may have related.

7.   As I indicated in my instructions at the beginning of the case, it is the duty of each attorney to object when the other side offers testimony or evidence which the attorney believes is not properly admissible.  You should not show prejudice against an attorney or his client because the attorney has made objections or because of my ruling on any objection.

## II. EVIDENCE

8.   Statements and arguments of counsel are not evidence in the case.

2

9.  Similarly, any evidence as to which I sustained an objection, and any evidence I ordered stricken, must be entirely disregarded by you in your deliberations.

10.  In addition, unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

11.  As I previously explained, there are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts.  One is direct evidence--such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence--the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accord with the preponderance of all the evidence, both direct and circumstantial.

12.  The evidence in this case consists of the sworn testimony of the witnesses, including interrogatories and deposition testimony read to you, regardless of who may have called them; all exhibits and photographs received in evidence, regardless of who may have produced them; all facts which may have been admitted or stipulated; and all facts and evidence which may have been judicially noticed.

13. As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. At times during the trial I have sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, have instructed that it be stricken from the record and that you disregard it and dismiss it from your minds.  You may not draw any inference from an unanswered question nor may you

3

speculate as to what the witness would have said if the witness had been permitted to answer the question.

14.  You also should be mindful that the weight of the evidence for each side does not necessarily depend on the number of witnesses testifying.  You must determine the credibility of each witness who has testified and then reach a verdict based on all the believable evidence in the case.

15.  In determining what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony.  There is no magical formula by which one may evaluate testimony.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

16.  You may also consider a witness' motive for testifying, whether he or she displays any bias in testifying and whether or not he or she has any interest in the outcome of the case.  Of course, the fact that a witness may have some interest in the outcome of this case does not mean that the witness is not trying to tell you the truth as the witness recalls it or believes it to be.  But a witness' interest is a factor that you may consider along with all the other factors.

17.  In summary, you should carefully scrutinize the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  In addition, in your consideration of the evidence, you are permitted to draw such reasonable inferences as seem justified in the light of your experience.

4

18.  Also, the rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining whether a fact in issue is more likely true than not true, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.  Expert opinion, however, must be based on the expert's direct personal knowledge, or evidence in the record, or facts or data reasonably relied upon by experts in their particular field in forming opinions or inferences.  An expert's opinion cannot be based on speculation, conjecture or surmise.

19.  You should consider the expert opinions received in evidence in this case and give them such weight as you think they deserve.  If you should decide that the opinion of the expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the expert's opinions are not sound, or that the opinions are outweighed by other evidence, then you may disregard that expert's opinion in whole or in part.

20.  Finally, I repeat that your verdict must be based solely on the evidence developed at trial.  It would be improper for you to consider any personal feelings about anyone's race, religion, national origin, sex, age, or sexual orientation.  It must be clear to you that once you let prejudice, sympathy, fear, or bias interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

## III. **BURDEN OF PROOF**

21.  The burden of proof in civil cases is to establish each essential element of a claim or an affirmative defense by a preponderance of the evidence.  To establish an element of a claim or an affirmative defense "by a preponderance of the evidence"

means to prove that something is more likely so than not so.  In determining whether any fact in issue has been proven by a preponderance of the evidence, you may consider, unless otherwise instructed, the evidence I spoke of above -- sworn testimony, exhibits, stipulated facts, etc.  In reaching your verdict, you should give to this evidence whatever weight you deem proper.

## IV. <u>ELEMENTS OF THE CASE</u>

A. <u>Introduction</u>

22.   The claims asserted by Jose L. Feliciano and Migdalia Rosado, as administrators of the Estate of their deceased son, Jose R. Feliciano, are for negligence and gross negligence.  Under Massachusetts law, the administrators of the estate of a deceased person are authorized to bring a lawsuit to recover wrongful death damages on behalf of the next of kin.

23.   I also told you that the parties have stipulated that the defendant, Kevin Miles, was an employee of the other defendant, SLC Transports, Inc., and was at all times acting within the course of his employment.  Therefore, you should consider this case to constitute a single negligence claim and a single gross negligence claim by Plaintiffs against both defendants together.  I shall now instruct you with respect to the elements of Plaintiffs' claims.

B. <u>Negligence</u>

24.   Generally speaking, negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do under circumstances similar to those shown by the evidence in this case.  It is, in other words, a failure to use ordinary care.  Negligence is a form of

carelessness and does not involve a bad intent on the part of Defendants.  I will now address three components of Plaintiffs' negligence claim: liability, comparative negligence and damages.

(1) <u>Liability</u>

25.  In order for Plaintiffs to prevail against Defendants, Plaintiffs must prove three elements of liability by a preponderance of the evidence.  If Plaintiffs' proof should fail to convince you of any one of the three elements, you must find for Defendants. The three elements are:

First, that Defendants owed Jose R. Feliciano a duty of care;

Second, that Defendants breached that duty of care; and

Third, that as a proximate result of that breach, Jose R. Feliciano died.

*(a) Duty*

26.  The first element Plaintiffs must prove is duty.  You are to interpret the word "duty" as an obligation.  You are instructed that Defendants owed Jose R. Feliciano a duty to exercise reasonable care under the circumstances, that is, what an ordinarily prudent person would have exercised under similar circumstances.

*(b) Breach*

27.  The second element which Plaintiffs must prove is Defendants' breach of that duty of care.  A defendant is deemed to have breached a duty of care when he fails, either by his actions or failure to take actions, to exercise that degree of care, vigilance and foresight that a reasonable and prudent person would have exercised under the circumstances.  If a defendant breaches a duty of care, then he is negligent.

28.  As to this case, I instruct you that an operator of a motor vehicle using a

7

public highway owes a duty to keep a proper lookout, to make reasonable observations as to traffic and other conditions, to avoid collisions, and to avoid placing himself or others in danger.  The operator of the motor vehicle also owes a duty of care to warn of a danger if the person on whom that duty rests knew or should have reasonably known that warning was needed.  A plaintiff is entitled to a presumption that if a warning had been given by the defendant operator, it would have been heeded.

29.  In addition, Massachusetts has several driving safety statutes and regulations that are potentially relevant here.  In Massachusetts, the violation of a safety statute or regulation, while not conclusive on the ultimate issue of liability, is evidence of a defendant's negligence as to all consequences the statute or regulation was intended to prevent.  Thus, if you find by a preponderance of the evidence that Defendants were in violation of one or more of the following motor vehicle safety statutes or regulations, you may consider that as evidence on the issue of negligence.

29.1  One Massachusetts statute requires that "upon approaching a pedestrian who is upon the traveled part of any way and not upon a sidewalk, every person operating a motor vehicle shall slow down."

29.2  A second statute requires an operator of a motor vehicle to decrease the speed of his vehicle "when a special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."

29.3  In addition to these statutes, a Massachusetts regulation requires an operator of a motor vehicle to drive his vehicle entirely within a single lane and to not move from the lane in which he is operating until he has ascertained first if such movement can be made with safety.

8

29.4  Another Massachusetts regulation requires an operator of a motor vehicle to exercise due care to avoid colliding with a pedestrian upon the roadway.

29.5  Yet another Massachusetts regulation requires the operator of a motor vehicle to give an audible warning with his horn or other suitable warning device whenever necessary to ensure safe operation.

29.6  To repeat: if you find by a preponderance of the evidence that Defendants were in violation of one or more of the motor vehicle safety statutes or regulations which I have just mentioned, you may consider that as evidence on the issue of Defendants' negligence.  However, it is only evidence.  It is not conclusive on the ultimate issue of liability.

### (c) Proximate Cause

30.  The final element Plaintiffs must establish by a preponderance of the evidence is proximate causation.

31.  The mere happening of an accident, without more, is not enough to establish proximate cause.  Plaintiffs must prove that Defendants' acts or omissions played a substantial part in the bringing about or actually causing the death and that the death was either a direct result or a reasonably probable consequence of the act or omission. Plaintiffs must thus establish that were it not for Defendants' acts or omissions, Jose R. Feliciano would not have died.

32.  Proximate cause is not necessarily the next or last cause in time or place; and it need not be the sole cause; there may very well be more than one proximate cause.  If two or more factors, which operated concurrently, contributed to the death, so that in effect the damages suffered were inseparable, then it is enough for Plaintiffs to

prove that Defendants' negligence was a substantial factor in causing the death.

### (d) In Sum

33.  To summarize the legal elements of Plaintiffs' negligence claim against Defendants: if you conclude that Plaintiffs have proven by a preponderance of the evidence that Defendants breached a duty of care owed to Jose R. Feliciano and that he died as a proximate result of that breach, then you will have concluded that Defendants are liable and may consider the question of damages.  If Plaintiffs should fail to establish each of these elements, then you need not deliberate any further.

(2)  <u>Comparative Negligence</u>

34.  One more issue needs to be addressed before I turn to the question of damages.  Defendants have claimed that Jose R. Feliciano was himself negligent in various particulars and that his own negligence was also a cause of his death.

35.  As I have mentioned, the law recognizes that there may be more than one proximate cause of an injury.  By raising the affirmative defense of comparative negligence, Defendants allege that even if they were negligent (which they deny), Jose R. Feliciano was also negligent by failing to exercise ordinary care for his own safety and his negligence was also a proximate cause of his death.

36.  Because it is an affirmative defense, Defendants have the burden of proving by a preponderance of the evidence that Jose R. Feliciano was negligent and that his negligence was a proximate cause of his death.

37.  If, therefore, you should find from a preponderance of the evidence that Jose R. Feliciano failed to exercise that degree of care as would be exercised by a reasonably prudent person, and that his negligence contributed to his death, then you

must assess, in percentage terms, the degree to which the negligence, if any, of Jose R. Feliciano and Defendants contributed to his death.  You will indicate your answer in the special verdict form which you will have with you and which I will read to you shortly. You should remember, however, that in apportioning the relative fault between Jose R. Feliciano and Defendants, your answer must total 100 percent.

38.  If you find that Jose R. Feliciano did not contribute by his negligence to his death, full damages as you calculate them will be awarded to Plaintiffs.  If you find that Jose R. Feliciano's negligence was a cause of 50 percent or less of the total amount of damages Plaintiffs would otherwise be entitled, these damages will be reduced by the court by the percentage which you find his negligence contributed to his death.  I want to emphasize that you should not reduce your damage award but only provide the percentage, if any, which Jose R. Feliciano's own negligence contributed to his death. The reduction will be made by the court based on that percentage.  If you find that Jose R. Feliciano was more than 50 percent responsible for his death, a verdict will be entered in favor of Defendants.

(3)  <u>Damages</u>

39.  Finally, if you should find that Defendants are liable for negligence, you may then consider the question of compensatory damages.  You are instructed that in cases where damages are awarded, the law prescribes no definite measure of damages. Since there is no "yardstick" for computing damages, the matter is to be fixed by the jury as your discretion dictates and as may be just and proper under all the circumstances.

40.  In determining damages, you are to consider the following two areas.  First, as next of kin, Plaintiffs are entitled to recover the fair monetary value of Jose R.

Feliciano to them, including, but not limited to, compensation for their loss of his reasonably expected services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice.  Second, you are to consider the reasonable burial and funeral expenses incurred by Plaintiffs because of the death of their son.

41.  Finally, when considering the question of damages, know that recovery will not be barred because there may be an element of uncertainty in Plaintiffs' proof of aspects of certain damages.  However, you are not to award speculative damages.

42.  I add the caution that nothing said in these instructions is to be taken by you as intimating how I think you should decide any question in the case, and what amount of damages, if any, you may wish to award.

C.  Gross Negligence

43.  Plaintiffs have also alleged that Defendants caused Jose R. Feliciano's death by gross negligence.  You will only reach the question of gross negligence in the event that you determine that Defendants are liable for negligence.

(1)  Liability

44.  Like negligence, Plaintiffs have the burden of proving gross negligence liability by a preponderance of the evidence.  Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence.  It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected.  Some of the common indicia of gross negligence are deliberate inattention, voluntary incurring of obvious risk, impatience of reasonable restraint, or persistence in a palpably negligent course of conduct over an appreciable period of time.

12

45.  In determining whether the Defendants' conduct was gross negligence, remember the instructions on causation which I gave you earlier.  Plaintiffs must also prove by a preponderance of the evidence that Defendants' gross negligence proximately caused Jose R. Feliciano's death.

(2)  <u>Punitive Damages</u>

46.  If you determine that Jose R. Feliciano's death was a result of Defendants' gross negligence, then you may award punitive damages.  Punitive damages may be awarded in addition to the compensatory damages on which I instructed you earlier. Punitive damages are meant to punish Defendants and deter future wrongdoing, not to compensate particular harmed individuals.

47.  In determining the amount of punitive damages, if any, you may consider the following: the character and nature of Defendants' conduct, Defendants' wealth, the actual harm suffered, and the magnitude of any potential harm to other victims if similar future behavior is not deterred.  You should not, however, take into account Jose R. Feliciano's own comparable negligence, if any, in assessing punitive damages.

## V.  <u>CONCLUSION</u>

48.  That completes my instructions to you.  Special verdict questions have been prepared for your convenience.  You will take the form containing these questions with you to the jury room, where you will deliberate with a view towards reaching a unanimous answer to each question.  Follow the directions on the form, as they will explain to you how, and in what order, to answer the questions.

**[READ SPECIAL VERDICT FORM]**

49.  The answer to each question must be the unanimous answer of the jury.

13

Your foreperson will write the unanimous answer of the jury in the space provided opposite each question, and will date and sign the special verdict form when completed. When you have reached unanimous agreement as to each question on the verdict form, you will have your foreperson fill in, date and sign the form at the bottom of the last page.  Then, the jury will return to the courtroom and render its verdict to the Court.

     Go now and begin your deliberations.