UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 MAY 25 P 2: 13

U.S. DISTRICT C...
DIST...CT OF...

| | |
|---|---|
| ESTATE OF JOSE R. FELICIANO, )<br>By and through Jose L. Feliciano and )<br>Migdalia Rosado, as Administrators of )<br>The Estate of Jose R. Feliciano, )<br>      Plaintiffs )<br>      )<br>vs. )<br>      )<br>KEVIN A. MILES, )<br>LEROY HOLDING COMPANY, INC., )<br>and SLC TRANSPORTS, INC., )<br>      Defendants ) | Civil No. 03-30308-MAP |

## DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Now come the Defendants, pursuant to Fed.R.Civ.P. 50(a), to renew their motion and move this Honorable Court to enter judgment on their behalf as a matter of law with regard all Counts of the Complaint wherein punitive damages were awarded. In support of this motion the Defendants state that there has been insufficient evidence presented during the trial of this matter to establish their liability for punitive damages.

In particular, there is insufficient evidence to support any award of punitive damages where the decedent's death was not caused by malicious, willful or reckless conduct or gross negligence. Desmond v. Boston Elevated Ry. Co., 319 Mass. 13 (1946) and Coughlin v. Titus & Bean, 54 Mass. App. Ct. 633, rev. denied, 437 Mass. 1105. A finding that there was no evidence of willful or reckless conduct has already been made by the Court. In addition, any evidence going to gross negligence in this case was insufficient to support the verdict. Altman v. Aronson, 231 Mass. 588 (1919). Accordingly, the jury's award of punitive damages in this matter was not supported by the evidence and should be reversed by the trial court.

Page 1 of 5

"In order to support a finding of gross negligence, the conduct of the defendant must be characterized by a high degree of culpability and indifference to duty. Gross negligence is substantially, and appreciably, higher in magnitude than ordinary negligence." McConville v. Massachusetts Bay Transport Authority, 852 F. Supp. 1, 3 (D.Mass. 1994) (citations omitted). Here, the plaintiffs have failed to prove such conduct on the part of the defendant Kevin Miles, and SLC Transports, Inc., notwithstanding the verdict of the jury. Contrasting this matter to another case brought under G.L.c. 229, et seq. in which there was sufficient evidence of gross negligence to support an award of punitive damages is helpful.

In contrast to this case, Davis v. Walent, 16 Mass. App. Ct. 83, 92-94 (1983), illustrates a fact pattern where there was sufficient evidence of gross negligence to support an award of punitive damages. Davis was a wrongful death case arising from a motor vehicle accident and brought pursuant to G.L.c. 229, et seq. An award of punitive damages followed the trial. On review the appellate court closely scrutinized the sufficiency of the evidence that the driver had been grossly negligent. First, the reviewing court noted that the driver in Davis was quite intoxicated; "unsteady drunk." Second, the driver was purposely engaging in unsafe maneuvers such as "fishtailing" and burning rubber. Third, the driver was traveling at a highly excessive and unsafe speed, notwithstanding warnings to slow down. The Massachusetts Appeals Court stated that, "While the case may be a close one, we are of the opinion that it was properly submitted to the jury." Id. at 94. But the driver in this case did not act with anything near the level of negligence displayed by the driver in Davis; such conduct in Davis described by the reviewing court as a "close case" for gross negligence. As a result, Davis supports the defendants' position that the award for punitive damages must be overturned.

Equally helpful is the case of <u>Manning v. Conway</u>, 192 Mass. 122 (1906). Manning applies the traditional rule regarding gross negligence in a somewhat similar fact pattern. In particular, the Manning case involved an action for gross negligence in which a wagon driver had struck and killed a pedestrian. The driver in Manning had been traveling "at a pretty fast rate" with "his head partly turned." The driver was also "talking with his helper." <u>Id.</u> at 123. Nonetheless, that was insufficient evidence of gross negligence and a jury verdict reversed in that regard. <u>Id.</u> at 126. Again, the conduct of this defendant, Kevin Miles, compares favorably to that of the defendant in Manning. Miles was not being distracted by a conversation, going too fast or deliberately inattentive.

Finally, numerous Massachusetts cases stand for the proposition that either inattention or an operator's failure to perceive a vehicle or person on the public way does not amount to gross negligence. See generally, <u>Lynch v. Springfield Safe Deposit & Trust</u>, 294 Mass. 170 (1936) (operator failed to see the rear of a well lighted vehicle and struck the vehicle from behind); <u>Harvey v. Murphy</u>, 308 Mass. 16, 19 (1941) (driver failed to see a train as the result of a "mere lapse of eyesight, perception or judgment which may have been only momentary"); <u>O'Rourke v. MacAllister</u>, 350 Mass. 777 (1966) (inattentive driver conversing with passenger drove into pole); <u>Higgins v. Ricca</u>, 338 Mass. 788 (1958) (talkative driver with back seat passengers and resulting distraction); <u>Schlitz v. Duggan</u>, 359 Mass. 761 (1971) (operator who failed to brake for another vehicle parked the road not grossly negligent); and <u>Folan v. Price</u>, 293 Mass. 76 (1935) (driver who took his eyes off the road for ten seconds not grossly negligent).

The cases in which the finding of gross negligence has been warranted involve situation where an operators entered intersections at high rates of speed, did not heed warnings from guests and lost control of their vehicles. <u>Colby v. Clough</u>, 301 Mass. 52 (1938); <u>Smith v. Murphy</u>, 313

Mass. 68 (1943). Other cases in which gross negligence was warranted are when the defendant took his eyes off the road for thirty seconds while operating at a speed of thirty-five to forty miles per hour. Hanlon vs. Westberg, 302 Mass. 603 (1939) and where a defendant was inattentive to the road for forty seconds while his vehicle covered a distance of 2,000 feet. Dinardi v. Herook, 328 Mass. 572 (1952). The majority of Massachusetts cases in which defendants have been found grossly negligent involve inattention while traveling at grossly excessive speeds, the ignoring of warnings and where the operators have taken their eyes off the road for ten seconds or more. In the present case defendant, Kevin Miles did not remove his eyes from the road but stated that he did not continuously "eye ball" Mr. Feliciano for approximately six to seven seconds. Additionally, his vehicle did not leave the road and there was no evidence of excessive speed. The criteria for a finding of gross negligence is conspicuously absent from the facts of this case.

In view of the foregoing, the defendants move for judgment as a matter of law with regard to the award of punitive damages.

WHEREFORE, the defendants pray this Honorable Court to allow their motion.

THE DEFENDANTS, KEVIN MILES,
LEROY HOLDING COMPANY, INC. &
SLC TRANSPORT, INC.
By Their Attorney:


_____
Kevin G. Murphy, Esquire
Pessolano Dusel, Murphy & Casartello, PC
115 State Street, Fifth Floor
Springfield, MA 01103
(413) 781-4700
(413) 781-0471 (fax)
BBO No. 363110

Page 4 of 5

## CERTIFICATE OF SERVICE

I, Kevin G. Murphy, Esquire, hereby certify that on this date, I caused the foregoing document to be served upon the other party (ies) in this action by mailing a copy of same, first class mail, postage prepaid to: Samuel M. Radner, Esq., 999 Asylum Avenue, Hartford, CT 06105.

Dated: May 25, 2005

_____
Kevin G. Murphy, Esq.