# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

ESTATE OF JOSE R. FELICIANO, )
By and through Jose L. Feliciano and )
Migdalia Rosado, as Administrators of )
The Estate of Jose R Feliciano, )
       Plaintiff )
             )    Civil No. 03-30308
vs. )
             )
KEVIN A. MILES, )
LEROY HOLDING COMPANY, INC., )
and SLC TRANSPORTS, INC., )
       Defendants )

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENWED MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME the Plaintiffs in the above-captioned action and hereby oppose the Defendants' Renewed Motion for Judgment as a Matter of Law. The Plaintiffs state that more than sufficient evidence was presented at the trial of this action to warrant a finding of gross negligence by the jury. In support of this opposition, the Plaintiffs state the following:

### Facts

At the trial of the instant case, many facts were presented which would warrant a finding by the jury of gross negligence. Defendant Kevin Miles (hereinafter referred to as "Miles") testified that he was driving in the right hand travel lane for eastbound traffic on the Massachusetts Turnpike as he approached a disabled vehicle with a man standing on the driver's side of the vehicle. Miles testified that he saw the disabled vehicle and the man when he was approximately one-quarter of a mile away from them. When he was one-eighth of a mile from the disabled vehicle and the man he saw, he stopped looking at them, did not eyeball the car and the man again, and did not make any observations of the man or disabled vehicle through the

point where he passed them.

Miles further testified that he started looking at a tractor trailer truck to his left when he was about one-eighth of a mile from the man and disabled vehicle he saw. Miles testified that this truck was in the process of passing him. Miles testified that he continued to drive up the slight hill and slight curve at approximately 64 or 65 miles per hour during the last one-eighth of a mile of his approach to the man and disabled vehicle. He further testified that he did not slow down at all during this time even though he could have slowed.

Miles testified that as his truck was just about at the rear of the disabled vehicle he was concerned with the tractor trailer truck he saw to his left. Miles testified that at this point he was able to state that approximately one half of the passing truck was ahead of his own. Miles further testified that during his last one-eighth of a mile approach to the man and the disabled vehicle that he was not concerned about their presence. He further testified that he never observed any man enter his travel lane and that the man he had observed was clearly within the marked breakdown lane.

Miles also testified that he did not know that he had struck a man until another truck driver called him on his CB radio. He also testified that as he passed the area where the disabled vehicle was located he saw a flash to his right in his peripheral vision, and that he then jerked his wheel to the left. He testified that the thought this flash was a bird.

Mr. Stephen Moore testified at this trial that he observed Miles' truck close to the white fog line as it approached the disabled vehicle and men, and that he saw the decedent, Jose R. Feliciano, get struck while standing in the breakdown lane.

Dr. Jack Sparks presented evidence which showed that Miles had time to slow down during the last one-eighth of a mile and even stop if necessary to avoid a collision with the

decedent. Dr. Sparks presented evidence that Miles struck the decedent while the decedent stood in the breakdown lane, and that Miles' truck was in the breakdown lane at impact with the decedent. Dr. Sparks testified that the decedent was thrown approximately 43 feet from the point of impact.

The evidence also showed that the accident occurred on Interstate 90 in Sturbridge, Massachusetts, and the highway in that area had a slight curve with a 2 percent rising grade in the road upon approaching the accident scene. The lanes of the highway were between 11 and 12 feet each, the fog line was 6 inches wide. The accident occurred between 10:30 a.m. and 11:00 a.m. under clear but overcast weather conditions. The temperature was cold.

## Issue

Whether a legally sufficient evidentiary basis exists for a reasonable jury to find Defendant Kevin Miles liable for gross negligence.

## Analysis

The Supreme Judicial Court of Massachusetts defined gross negligence in the case of Altman v. Aronson, 231 Mass. 588, 121 N.E.2d 505 (1919) by holding:

> Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character, as distinguished from a mere failure to exercise ordinary care. It is very great negligence or the absence of slight diligence or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a needless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence, but is something less than willful, wanton, and reckless conduct. It falls short of being such reckless disregard of

> probable consequences as is equivalent to a willful and intentional wrong. Ordinary and gross negligence differ in degree of inattention. Both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure.

Some of the common indicia of gross negligence are "deliberate inattention or . . . voluntary incurring of obvious risk or . . . impatience of reasonable restraint or . . . persistence in a palpably negligent course of conduct over an appreciable period of time." Pruzynski v. Malinowski, 338 Mass. 58, 60, 153 N.E.2d 640, 641 (1958) (quoting Lynch v. Springfield Safe Deposit & Trust Co., 294 Mass. 170, 172, 200 N.E. 914, 915 (1936)).

The Supreme Judicial Court has also held that gross negligence will seldom be determined by any one factor or any one precedent, but rather the issue will be decided on a case by case basis. See Doherty v. Spano, 336 Mass. 576, 146 N.E.2d 671 (1958).

The First Circuit Court of Appeals has held that evidence presented at a trial with facts substantially similar to the evidence presented at the trial of this case is sufficient to present the issue of gross negligence to the jury. In Peck v. Garfield, 862 F.2d 1 (1988), the First Circuit Court of Appeals heard an appeal from a denial of a new trial motion presented by the defendants. The facts of the underlying case are so substantially similar to the facts presented in the case at bar that on the basis of this precedent the Defendants' motion in this case must be denied. In Peck, the defendant was operating a motor vehicle on Route 5 in Greenfield, Massachusetts. The road was a two lane highway with lanes approximately 15 feet in width with breakdown lanes to the right of each travel lane. The approach to the accident has a curve in the road with approximately 4 percent rising grade. The area where the accident occurred had at least a 250 foot unobstructed view for the defendant as the defendant approached, and evidence also showed that the view might have been visible from 1000 feet away. The accident occurred at approximately 10:30 a.m. on December 26, 1985 under sunny but below freezing weather.

The defendant in Peck observed the decedent crossing the highway when she was approximately 90 feet away, and attempted to downshift and brake. She swerved in an effort to avoid hitting the decedent, but could not enter the opposite travel lane due to oncoming traffic, and instead struck the decedent. The decedent was thrown 39.6 feet from the point of impact. Please refer to the aforementioned facts in this opposition for a comparison.

The Peck court determined that a jury could have reasonably determined that the defendant should have seen the decedent from approximately 500 feet away, and that the testimony that she did not see him until she was about 90 feet away leads to a reasonable inference that the defendant was inattentive for at least five seconds. The court held that five seconds of inattention while traveling at 60 miles per hour where the defendant was traveling on a curve in the road provided enough evidence upon which a jury could reasonably find the defendant grossly negligent. See id. @ p. 6.

The Peck court cited Burke v. Cooke, 246 Mass. 518, 521, 141 N.E. 585, 587 (1923) to uphold the principal of the Massachusetts Supreme Judicial Court that "doubtless there may be cases so near the borderline that a tribunal whose duty it is to apply only legal principles cannot reverse that factual conclusion embodied in a verdict. The power so to do must be exercised with the utmost caution." In turn, the court held that there was sufficient evidence of gross negligence for the magistrate to have submitted the question of punitive damages to the jury.

The Peck decision highlights an important part of the analysis the court must undertake in deciding whether sufficient evidence was presented at trial upon which a jury could reach a finding of gross negligence, a part which the Defendants' elect to ignore in their motion, which is that the totality of the circumstances and evidence must be considered and not merely one fact. See Doherty, supra.; Granger v. Lovely, 302 Mass. 504, 19 N.E.2d 798 (1939)(gross negligence

found where momentary inattentiveness occurred at a point of great danger less than one second away); Meaney v. Doyle, 276 Mass. 218, 177 N.E. 6 (1931)(gross negligence found where momentary inattentiveness occurred together with lighting a cigarette in an area of known danger); Rog v. Eltis, 269 Mass. 466, 169 N.E. 413 (1929)(separate acts need not be evaluated to determine sufficiency of gross negligence claim but rather evidence as a whole); and see Haggerty v. Sullivan, 301 Mass. 302, 17 N.E. 154 (1938)(a party is not entitled to single out for emphasis a portion of the evidence to argue the evidence of gross negligence is insufficient).

The Defendants cite cases in support of their motion that focus only on the issue of inattentiveness. No other factors are present in those cases upon which the court could reach its determination. The cases are distinguishable from the case at bar because in the case at bar Miles knew of a potential danger because he observed a man standing outside of the disabled vehicle, and the jury could reasonable infer that he made a conscious decision to stop paying attention and care to this man when he consciously decided to look at the truck passing him on his left. Furthermore, Miles never slowed down, and the jury could reasonably infer that he could have slowed, let the truck pass him, and then move over to his left instead of making the conscious decision to maintain his speed while deliberately not looking at the man he had seen during the last one-eighth of a mile.

The Defendants cite Manning v. Conway, 192 Mass. 122 (1906) in support of their position. However, this involved a horse drawn carriage that swerved to avoid striking another horse drawn carriage and in so doing ran over a child. The court actually praised the defendant in that case for being so skillful in maneuvering his horses. There was no evidence of excessive speed or evidence that the defendant was even aware of the child's presence. The same logic was applied to Folan v. Price, 293 Mass. 76 (1936) where the court concluded that the defendant was

actually being attentive to the hazard by looking back to see what might be causing the noise under his wheel.

The Defendants also cite Lynch v. Springfield Safe Deposit & Trust, 294 Mass. 170 (1936), however, this case involved a drunk driver and the court held that there was no evidence that the alcohol contributed to the accident. With that element of the facts gone, the only evidence of gross negligence was a momentary lapse of attention which was held to be insufficient. This same logic was applied in Schiltz v. Duggan, 359 Mass. 761 (1971) which the Defendants also cite. In both cases, the court only had evidence of a momentary lapse of attention, without anything more, to decide whether the evidence was sufficient to support a finding of gross negligence.

In Harvey v. Murphy, 308 Mass. 16 (1941), and in O'Rourke v. MacAllister, 350 Mass. 777 (1966), two cases also cited by the Defendants, again the court only had evidence of a momentary lapse of attention for at most a distance of 300 feet upon which the court decided these cases. None of the other factors present in the case at bar, for instance Miles' knowledge of the presence of a man in the breakdown lane, Miles' admission that he was concerned and looking at the passing truck to his left as he approached the man, Miles' admission that he did not slow down, and Miles' admission that he was not concerned about the man but concerned about the truck, were present in the cases cited by the Defendants.

In Dinardi v. Herook, 328 Mass. 572, 105 N.E.2d 197 (1952), the Supreme Judicial Court of Massachusetts held that evidence that a defendant was driving at night during a snow storm at 35 miles per hour with snow covering his windshield, and where the defendant looked away from the road for forty seconds, the evidence was sufficient to allow the issue of gross negligence to be heard by the jury. Although the case is not factually similar to the case at bar, the court cites

many cases where the issue of gross negligence was found to be proper for the jury even where the length of the inattention was much shorter. See id. @ 574-575. For instance, in Crowley v. Fisher, 284 Mass. 205, 187 N.E. 608, evidence of gross negligence was sufficient where the defendant had been looking at a passing aircraft overhead for seven or eight seconds. In Picarello v. Rodakis, 299 Mass. 33, 11 N.E.2d 470, evidence of gross negligence was sufficient where the defendant took one hand off the wheel to look down and wipe ashes off her dress for only three seconds. In Connell v. Harington, 312 Mass. 436, 45 N.E.2d 278, evidence of gross negligence was sufficient where the defendant was traveling at forty miles per hour, leaned forward, and reached down to the floor with one hand on the wheel for a period of four or five seconds. These cases have more than just the factor of the length of inattentiveness to consider as does the case at bar.

## Conclusion

The evidence presented at the trial of the case at bar is sufficient to allow a reasonable jury to find Defendant Kevin Miles liable for gross negligence. The evidence shows that Miles was grossly negligent in that he: (1) exhibited deliberate inattention by deciding to look at the truck passing him on his left and stopped looking at the man and disabled vehicle he saw to his right and by admitting he was concerned about the truck as he approached the accident area and not concerned about the man or the disabled vehicle; (2) voluntarily incurred the obvious risk of striking the decedent by failing to keep a proper lookout for the decedent over the course of one-eighth of a mile and by failing to slow down and move his vehicle to the left; (3) exercised impatience of reasonable restraint by failing to slow his approach to the accident area despite his knowledge that he could not move to his left due to a passing truck and despite his knowledge of the presence of a man standing outside a disabled vehicle to his right; and (4) persisted in a

palpably (obviously) negligent course of conduct over an appreciable period of time by failing to keep a proper lookout for the decedent, failing to slow his truck as he approached the decedent, and failing to move his truck to the left as he approached the decedent during the last six or seven seconds as he traveled at 65 miles per hour over the course of one-eighth of a mile towards the area of the accident under circumstances where the jury could reasonably infer that Miles knew he was approaching a dangerous area.

The facts of the case at bar are substantially similar to Peck, *supra.*, and require a denial of the Defendants' motion. The history of cases in Massachusetts shows that inattention combined with the particular circumstances of the accident must be examined before overturning the findings of a jury verdict. Caution in upsetting the jury's verdict must be taken. In the case at bar, the evidence shows that Miles was inattentive for six or seven seconds under circumstance which he knew a danger and potential for serious injury existed. The jury could reasonable conclude that this time period where he engaged in negligent activity under the circumstances warrants a finding of gross negligence.

WHEREFORE, the Plaintiffs request this Honorable Court to deny the Defendants' Renewed Motion for Judgment as a Matter of Law.

        Respectfully submitted,
        Jose L. Feliciano and Migdalia Rosado,
        As Administrators of the Estate of Jose L. Feliciano
        By Their Attorneys

        Samuel M. Radner, Esq.
        The Haymond Law Firm, P.C.
        999 Asylum Avenue
        Hartford, CT 06105
        (860) 728-5672
        (860) 247-9384 (fax)
        BBO # 565988

Dated: May 26, 2005

## CERTIFICATION

I, Samuel M. Radner, Esquire hereby certify that a copy of the foregoing was mailed postage pre-paid to the following counsel and pro se parties of record on May 26, 2005:

Kevin G. Murphy, Esquire
Pessalano, Dusel, Murphy & Casartello, P.C.
115 State Street, 5th Floor
Springfield, MA 01103

_____
Samuel M. Radner, Esquire